## SAMUEL D. VOSE, *et al.*

### *vs.*

## GRANVILLE M. STICKNEY.

In the absence of special statutory prohibition, the mere preference by a debtor of one creditor to another is not fraudulent, though such preference may have the incidental effect of preventing the latter from collecting his debt.

Application to the circumstances of this case of *section* 4, *ch.* 51, *Pub. Stat.*, by which the question of fraudulent intent in conveyances of property, alleged to have been made to hinder, delay, or defraud creditors, is made a question of fact.

The plaintiffs, partners as " Vose & Co." brought this action in the district court for Washington county, to recover the value of certain goods, wares and merchandize alleged in the complaint to be their property, and to have been wrongfully taken and carried away by the defendant and converted to his own use. The defendant denied " generally and specifically, each and every allegation in said complaint contained, and denies each and every part thereof." For a second defense the defendant alleges that the property belonged to Capron & Morris, and that he took the same under and by virtue of a writ of attachment duly issued to him as sheriff of Washington county against the property of said Capron & Morris.

The cause was tried before a referee who reported in favor of the plaintiffs, and judgment was entered upon such report, and the defendant appeals therefrom to this court. The findings

of the referee, so far as necessary to a full understanding of the case, are stated in the opinion.

LORENZO AELIS, for Appellant.

GILFILLAN & WILLIAMS, for Respondent.

By the Court.—BERRY, J.—Putting out of the case the chattel mortgage, (as, in our opinion, of no material consequence,) the substance of the important facts found by the referee, is as follows: On June 6th, 1859, Capron & Morris, (who were in business in Stillwater, in this state,) being indebted to the plaintiffs, (who were in business in Albany, N. Y.) in an amount exceeding $1,015.53, turned out to them certain goods, the full and fair value of which was $1,015 53, at which valuation the goods were to be applied, and were applied upon such indebtedness by agreement of parties at the time the same were so turned out.

The plaintiffs' agents, assisted by Capron & Morris, inventoried the goods and marked the principal articles and packages with the name of Vose & Co. Signs bearing such name were conspicuously placed upon the inside and outside of the store of Capron & Morris, in which a portion of the goods were.

At the same time Capron & Morris made an agreement with plaintiffs, which was endorsed upon said inventory and was in these words, viz.: " Received of Messrs. Vose & Co. of Albany, New York, the goods, wares and merchandize mentioned and described in the foregoing pages, to be by us sold for them upon commission, and the avails thereof, not exceeding the prices above specified for said articles, we agree to account for and pay over to the said Vose & Co., or their agent or attorney on demand, and the excess of avails thereof on sale,

Vose et al. v. Stickney.

over and above the prices above designated, to be retained by us as our commission.

June 6th, 1859.                              Capron & Morris."

The goods were left in the store and storeroom of Capron & Morris, (from which they had not been removed,) and in the actual possession of Capron & Morris, for sale under the above agreement. Thereupon Capron & Morris proceeded and continued to sell the same, until they were seized by the defendant, as sheriff, upon a warrant of attachment issued in an action brought against Capron & Morris by certain of their creditors.

The referee finds as a conclusion of fact, that in these transactions between Capron & Morris and the plaintiffs, there was no intention to hinder, delay or defraud any creditor of the said Capron & Morris. As a conclusion of law he finds, that the goods seized by defendant were the property of plaintiffs.

We see no occasion to differ with these conclusions. The defendant's counsel argues that the attempted transfer was fraudulent, as made with intent to hinder and delay creditors of their lawful actions, etc., in violation of the statute. We do not understand the counsel to claim (as plaintiffs appear to think he claims,) that the mere preference by a debtor of one creditor to another is fraudulent, though such preference may have the incidental effect of preventing the latter from collecting his debt. Such preference is clearly not unlawful, except as it may be forbidden by some special statute, as, for instance, by a bankrupt law. *Ferguson vs. Kumler*, 11 *Minn.* 104 ; 1 *Smith Lea. cas.* 42 *and citations.*

But defendant's counsel claims that the transfer from Capron & Morris to plaintiffs was fraudulent and void, because there was " no change of possession of the property ;" because " there was a resulting trust in the transferers ;" and because

" the necessary *effect* of the transaction was to hinder and delay other creditors of the transferers in the collection of their debts."

The validity of the transfer in this instance, is to be determined by reference to the provisions of *ch.* 51, *Pub. St.—section* 1, *ch.* 50, *Pub. St.*, having no reference to a case of this kind. *Curtis vs. Leavitt*, 15 *N. Y.* 9 ; *Babcock vs. Eckler*, 24 *N. Y.* 623. By *section* 4, *ch.* 51, *Pub. St.*, it is enacted that " the question of fraudulent intent, in all cases arising under the provisions of this chapter. shall be deemed a question of fact, and not of law." Laying the chattel mortgage out of the case as immaterial, and the pleadings containing no admission of facts constituting a transfer fraudulent as to creditors, the only written instrument submitted in evidence before the referee, was the receipt herein before recited. There is certainly nothing in such receipt, by itself considered, which tends to show that the transfer was fraudulent. As adjudged by this court, in this very case, (8 *Minn.* 80,) the effect of the receipt is to show that the relation between the parties to the same was that of principals and agents, and that the interest of Capron & Morris in the goods receipted for was merely a right to compensation for services to be rendered. and not such an interest as could be taken on execution.

In determining, then, whether the goods in this case were conveyed to plaintiffs with intent to hinder or delay creditors, upon the parol evidence introduced, the referee was determining a question of fact, (as if he were a jury,) (see *Babcock vs. Eckler, supra,*) and his findings are not to be disturbed if there is evidence reasonably tending to support them. It was for the referee to determine whether the goods were in fact transferred to plaintiffs in good faith, and for the purpose of paying (*pro tanto*) a just debt. He has in effect determined that they were so transferred, and we think his determination warranted

Vose et al. v. Stickney.

by the evidence. Considering the facts and circumstances, the situation of the goods, and the residences of the parties, it seems to us that the actual taking of possession of the goods by plaintiffs, through their agent, is quite satisfactorily established. So the referee was to determine, as a question of fact, whether the agreement in reference to the sale of these goods by Capron & Morris on commission was a mere cover contrived to enable them to hinder, delay or defraud other creditors, and to enjoy the full benefits of the ownership of the property under a species of fraudulent trust, or whether it was entered into with the honest and fair purpose of enabling the plaintiffs to realize from the sale of the goods that " full and fair value," at which (as is found) they were applied upon the indebtedness aforesaid.

With regard to the possession of the goods by Capron & Morris, the referee was also to determine, as a question of fact, whether there was a possession for one or the other of the purposes just mentioned. And both as to the agreement and possession the case, in our opinion, discloses abundant evidence to sustain the referee in negativing any fraudulent intent. As to the *effect* of the transaction between plaintiffs and Capron & Morris, it is, of course, quite unimportant what it might be, if, in the absence of fraudulent intent. the transactions themselves were valid.

Upon the whole, then, we find no reason for interfering with the referee's conclusions, or his order of judgment for plaintiffs.

Judgment affirmed.