## John Robson *vs.* Conrad Bohn.

### March 16, 1876.

**Rescission of Contract of Sale by Purchaser on Breach by Vendor.**—By the terms of a written contract, R. was bound to furnish B. at least 200,000 feet of lumber before August 1, and B. was to pay R., on account of the contract, $2,000.00 on the 1st day of August. R. having failed to furnish the 200,000 feet before August 1, and having refused to go on and perform his contract, B. had the right, if he saw fit, to treat the contract as at an end, and to refuse to make the $2,000.00 payment.

*Same—Recovery by Vendor of Value of Goods Delivered.*—B. having elected to treat the contract as at an end, *held*, that R. must recover for the lumber furnished upon an implied contract upon the part of B. to pay the value of the quantity of lumber received and kept by him.

*Evidence—Account Stated.*—The effect of the rendition of certain bills, as evidence of accounts stated, considered.

By a contract in writing made May 19, 1873, the plaintiff agreed to sell and deliver to the defendant 425,000 feet of lumber, at the price of $15.50 per 1,000 feet, the lumber to be delivered at the rate of not less than 20,000 feet per week from the date of the contract until the whole should be delivered, and the defendant agreed to deliver to plaintiff, upon the execution of the contract, his promissory note for $3,000.00, payable July 10, 1873, and to pay him the further sum of $2,000.00 on August 1, 1873, and to pay in full on the full delivery of all the lumber contracted for. On August 1 the plaintiff demanded payment of the $2,000.00, which was refused by the defendant on the ground of plaintiff's failure to deliver according to the contract, whereupon plaintiff refused to deliver any more lumber, and brought this action in the district court for Winona county to recover, at the contract price, for the lumber actually delivered.

The action was referred, and the referee reported a judgment for plaintiff. His report was set aside and a new trial granted by *Lord*, J., (sitting for the judge of the third district,) and the plaintiff appealed.

*Gilman, Clough & Lane,* for appellant.

*Wilson & Taylor,* for respondent.

BERRY, J. This is an appeal from an order granting a new trial. In assigning reasons for the order, it is said by the court below that the motion for the new trial is made "upon the ground, chiefly, that the findings of fact are against the evidence." Upon that ground, as we understand it, the court below has proceeded in granting the new trial, and in laying down rules of law applicable, not to the facts as found by the referee, but to the somewhat contrary

state of facts which, in the opinion of the court below, the evidence in the case tends to establish.

By the terms of the written contract between the parties the plaintiff was bound to furnish at least 200,000 feet of lumber before the 1st day of August. The referee finds, and the plaintiff claims here, that the plaintiff did furnish that amount before that time, thus fulfilling the agreement upon his part up to that date. But the bills made out by plaintiff and handed to defendant, and which, as is shown by the evidence, contain a full account of all the lumber furnished under the contract, do not sustain the referee in his finding. On the contrary, they show that the plaintiff had furnished less than 194,000 feet before the 1st day of August, and that, therefore, he had failed to fulfil his contract. The plaintiff was, therefore, guilty of the first default, and as he had thus failed to perform the contract upon his part, and as he refused to go on and perform it, the defendant had the right, if he saw fit, to treat the contract as at an end, and to refuse to make the $2,000.00 payment, which, by the terms of the contract, he had bound himself to make on the 1st day of August. The defendant took this course, as the evidence in the case shows.

Under this state of facts we think that the court below is right in saying that the " contract, not having been performed by either of the parties, and having been abandoned by both of them, the plaintiff must recover, if at all, upon defendant's implied contract to pay the value of the lumber received and kept by him." 2 Smith Lead. Cas., (6th Am. ed.,) 30, 40. In applying this rule to the case we are of opinion that the court below was right in holding that the evidence showed the value of the lumber received by defendant to be considerably less than the contract price, and, of course, in further holding that the referee erred in allowing such contract price.

As to the 6,000 feet of roofing referred to in the opinion

of the court below, it is unnecessary to speak, as the case goes back for a new trial.

We are further of opinion that the court below was right in reference to the effect of the rendition of the daily bills of lumber furnished outside of the contract before spoken of. The counsel for plaintiff contends that the rendition of daily bills of lumber furnished under the contract should have the same effect—that is to say, that the bills should stand upon the footing of accounts stated.

If received and kept without objection by defendant, they might very properly have the effect of accounts stated, so far as the question of the quantities of lumber therein mentioned was concerned; but, so far as prices are concerned, they could not have the effect of accounts stated, not only because the bills contain no prices or amounts in dollars and cents, but because the bills were furnished under a then existing contract as to prices, which contract has been abandoned by both parties, as the court below finds.

Order affirmed.