CHARLES C. ROBERTS *vs.* MAZEPPA MILL COMPANY.

May 11, 1883.

**Sale of Wheat—Delivery in Small Lots, by Team, in Reasonable Time.**
The plaintiff sold to the defendant 3,000 bushels of wheat, to be delivered at the defendant's mill. It was understood by both parties that the wheat had to be transported by team a distance of 12 miles. *Held,* that plaintiff was not required to deliver or offer to deliver the whole amount in one lot at one time, such mode of delivery not having been in the minds of the parties, and not being reasonably practicable, in view of the character and situation of the property.

**Same—Reasonable Time a Question for Jury.**—*Also,* that, under the evidence in the case, the question whether a reasonable time for delivery of the property had expired was a question for the jury, under the rule established by this court in *Cochran* v. *Toher,* 14 Minn. 293, (385,) and other cases cited.

**Same—Refusal to Receive—Waiver of Tender.**—*Held, also,* that defendant having, after a part of the grain was delivered, refused to receive any more of it, upon the ground that the time within which, by the terms of the contract, it was required to be delivered had expired, such refusal amounted to a waiver on its part of any subsequent tender or offer to deliver by plaintiff.

On June 7, 1882, plaintiff sold to defendant 3,000 bushels of wheat, 600 bushels at the agreed price of $1.40 per bushel and 2,400 bushels at $1.28 per bushel. Prior to August 7, 1882, plaintiff delivered 530 $^{40}/_{60}$ bushels of the $1.28 wheat, and, on that day, defendant gave plaintiff notice that it would not receive any more wheat. Plaintiff offered to deliver four loads of wheat on August 8th, and defendant refused to receive them.

This action was brought in the district court for Wabasha county, to recover damages for the failure of defendant to perform its contract, and plaintiff had a verdict after a trial before *Start,* J., and a jury. Defendant appeals from an order refusing a new trial.

W. C. *Williston,* for appellant.

H. D. *Stocker,* for respondent.

MITCHELL, J. This was an action to recover damages for an alleged breach of contract by defendant, in refusing to receive and pay for certain wheat sold to it by plaintiff, and to be delivered at its mill. The principal issue was as to the time within which the wheat was to be delivered, defendant claiming that plaintiff had failed to deliver it within the time required by the contract. The court instructed the jury as follows: "If you find that it was the agreement between the parties that the plaintiff should not make immediate delivery of the wheat, but was to do it to suit his convenience, unless the defendant notified him that it wanted the delivery to be made faster, and you further find that no such notice was given to the plaintiff,—then you will return a verdict" for the plaintiff, etc. To this defendant excepted, claiming that there was no evidence to justify the instruction; that the undisputed evidence was that there was no agreement as to time, and that hence the law implied that it should be delivered within a reasonable time. After a careful examination of the case, we are of opinion that there was evidence reasonably tending to prove that the agreement was as hypothetically stated by the court, and hence that this instruction was proper.

2. It is further claimed that the court erred in refusing to give the jury the following instruction: "That, to entitle the plaintiff to recover, the jury must find from the evidence that, at the time said defendant refused to receive any further quantity of wheat, said plaintiff then had 600 bushels of the wheat contracted at $1.40, and $1,869 \, {}^{20}/_{60}$ bushels of that contracted at $1.28, and that he offered to deliver that quantity respectively of each of said kinds of wheat; that said defendant was not required to accept any greater or less quantity than that purchased." The contract referred to was for 2,400 bushels at $1.28 and 600 bushels at $1.40. Five hundred and thirty and $ {}^{40}/_{60}$ of the former had been already delivered when defendant refused to receive any more. The evidence shows that plaintiff had to haul his wheat by team 12 miles; also that it was clearly in contemplation of the parties that it was to be delivered from time to time by the load, and not in one lot at once. There was no issue in the pleadings, nor any question made on the trial, as to the fact that plaintiff had the full amount of wheat on hand. It also appears

that, on the 7th of August, defendant sent plaintiff word that it would not receive any more wheat, because the time had elapsed within which it was to be delivered; also that, on the same or next day, plaintiff brought in four loads of the wheat, which defendant refused to receive. It also appears very conclusively that the ground upon which defendant put its refusal was that it considered the contract broken and at an end, because the time for the delivery had expired. Under these facts the plaintiff was not obliged to bring in and deliver the whole of the wheat at one time and in one lot. The stipulation and nature of the property made this not reasonably practicable. The contract and the subsequent action of the parties show that no such thing was in their minds. The refusal of defendant to receive any more wheat, and the ground upon which that refusal was put, amounted to a waiver on its part of any other subsequent tender or offer to deliver by plaintiff. The request was, therefore, properly refused.

3. The defendant also excepted to a refusal by the court to instruct the jury that if they found "that there was no agreement between the parties in reference to the time within which said plaintiff should deliver the wheat to the defendant, then it was the duty of said plaintiff to make such delivery within a reasonable time after the sale of the wheat; that said plaintiff did not deliver, nor offer to deliver, said wheat within a reasonable time, and therefore the jury will return a verdict for the defendant." This request not merely asked the court to hold, as a matter of law, that more than a reasonable time for the delivery of the wheat had elapsed, but the latter part of it, in effect, asked the court to take the whole case from the jury and direct a verdict for defendant. It entirely ignored the fact that any evidence had been offered tending to prove that it was agreed that, if plaintiff did not deliver the wheat fast enough, defendant was to give him notice, and that no such notice was given. For this reason alone the request was properly refused.

But we also think that, under the evidence, the court was correct in submitting the question of "a reasonable time" to the jury as a question of fact, under proper instructions. The question of reasonable time is determined by a view of all the circumstances of the case,

—by placing the court and jury in the same situation as the contracting parties were at the time they made the contract; that is, by placing before them all the circumstances known to both parties at the time. *Ellis* v. *Thompson*, 3 M. & W. 445; *Cocker* v. *Franklin H. & F. Mfg. Co.*, 3 Sumn. 530. And for that purpose it has been held that evidence of the conversations of the parties may be admitted to show the circumstances under which the contract was made, and what they thought was a reasonable time. *Cocker* v. *Franklin H. & F. Mfg. Co.*, *supra; Coates* v. *Sangston*, 5 Md. 121.

In the present case the contract was made June 7th. The property consisted of 3,000 bushels of wheat, which the plaintiff, a farmer, had to convey by team a distance of 12 miles. The evidence also tended to show that it was not the expectation of either party that plaintiff should commence the delivery immediately, or that he should continue at it without interruption until completed. On the contrary, there was evidence tending to show that it was expected that the plaintiff would, during the time of delivery, devote a part of his time to other work. The plaintiff also testified that he told defendant's agent that he did not expect to deliver much of the wheat in June, but expected to deliver most of it in July. There was also evidence tending to prove that it was the agreement that if plaintiff was not delivering the wheat fast enough to suit defendant, it should send him notice, and that this was not done. Also, that in July plaintiff sent word inquiring of defendant if they were in a hurry for the wheat, to which a reply was returned that they were not, inasmuch as their mill was not running. Under this state of the evidence, the question of reasonable time was one for the jury, under the rule laid down by this court in the following cases: *Cochran* v. *Toher*, 14 Minn. 293, (385;) *Derosia* v. *Winona & St. Peter R. Co.* 18 Minn. 119, (133;) *Pinney* v. *First Div., etc., R. Co.*, 19 Minn. 211, (251.)

Order affirmed.