JOHN J. PALMER *vs.* MATHIAS BREEN and another.

July 21, 1885.

Contract to Deliver Material for Work to be Completed by Certain Day.—In case of an agreement to deliver materials for the performance of work contracted to be completed by a certain day, in which no time of delivery is specified, delivery must be made within a time reasonable, in view of the circumstances of each party at the date when the agreement is entered into as respects such materials, so far as these circumstances are then known to the other party. Application of this rule to the facts and evidence of the case at bar.

Same — Payments on Delivery of Instalments — Effect of Refusal to Pay.— Where, by the terms of an agreement to furnish materials as above, payments therefor are required to be made from time to time, at times specified, if, upon specific demand of payment, with notice that it will be insisted on as a condition of further delivery of materials, payment is refused, the other party may properly refuse to continue to furnish materials. *Robson* v. *Bohn*, 22 Minn. 410, and 27 Minn. 333.

Appeal by plaintiff from an order of the district court for Ramsey county, *Wilkin*, J., presiding, refusing a new trial.

*H. J. Horn* and *Charles T. Palmer*, for appellant.

*J. J. Egan* and *H. W. Cory*, for respondents.

BERRY, J. On March 1, 1883, defendants entered into a written agreement, with plaintiff, whereby they bound themselves to furnish him "5,280 lineal feet of granite curbing, the same to be in accordance with the plans and specifications for the same in the office of the city engineer of the city of St. Paul, * * * for eighty-five cents per lineal foot; * * * payments to be made monthly, or as often as estimates are made, for all curb delivered, and final payment to be made in thirty days after the last of said curb is delivered." No time was specified for delivering the curbing, and so the trial court very properly held "that the delivery must be within a reasonable time under the circumstances."

It appeared that plaintiff had entered into a contract with the city of St. Paul to pave and curb a part of Seventh street, and that he

made the agreement with defendants to enable him to obtain the curbing necessary for the performance of the contract, which was by its terms required to be completed by July 21, 1883; a penalty being attached to its non-completion at that time. The evidence tended to show that when the agreement between plaintiff and defendants was being made, the latter were fully informed of the plaintiff's contract with the city, of the time when it was required to be completed, and of the importance of an early delivery of the curbing, in order to a profitable execution of plaintiff's contract; and, on the other hand, that defendants' quarry was situated at or near Sauk Rapids, some 75 or 80 miles from St. Paul; that they had other contracts in hand for furnishing curbing at the time when they made the agreement with plaintiff; that they refused to fix any definite time within which they would furnish the curbing to plaintiff; and that it was impracticable for them to furnish it all by July.

This action is brought to recover damages for defendants' alleged failure to perform their agreement as respects the quality and quantity of curbing agreed to be furnished, and the time of furnishing the same. The defendants, in fact, furnished a little more than half of the 5,280 feet agreed, and, the plaintiff having paid $1,800 only on account thereof, they set up a counterclaim for the balance, $584.25. Their answer also alleges that on June 18, 1883, they refused and ceased to deliver any more curbing, because of plaintiff's failure to pay according to the terms of the agreement for what had been previously delivered; also that they made proper demand for payment, giving plaintiff to understand that they refused to furnish any more curbing unless payment was made as agreed. The charge was very full, clear, and explicit, and among other things the jury were instructed, with reference to the matter of reasonable time, that "if the time within which the plaintiff was required to complete his contract with the city, and the importance to the plaintiff of an early delivery of the curbing in respect to the profitable execution of the contract, and the avoiding of any penalty for its non-execution in time, were communicated to defendants by plaintiff, then it was the duty of defendants to make an honest effort, and to use all reasonable diligence to make an early delivery; and the time within which the curb-

ing could have been delivered by the use of such honest effort and reasonable diligence is the reasonable time intended by the contract, under the rule of law to which I have alluded," (referring to the rule before stated, that where no time is specified in a contract to deliver, "delivery must be within a reasonable time under the circumstances;") "and if there were any existing facts relating to the ability of the defendants to deliver curbing to the plaintiff within a limited time which were communicated to the plaintiff, then you have a right to take those matters into consideration in determining upon the question as to whether the defendants did make an honest effort and use reasonable diligence to make an early delivery. In speaking of matters communicated by one party to the other, I mean matters so communicated at the time of making the contract, or during the negotiations which led up to the contract," between plaintiff and defendants. This appears to us to be but a very proper amplification of the general rule stated, that, in the absence of a specification of time in the contract, it was defendants' duty to deliver the curbing in a reasonable time, *under all the circumstances.*

The plaintiff's counsel argues at considerable length that the instructions given were erroneous, because a reasonable time must necessarily have been such as would enable plaintiff to complete his contract with the city by July 21st; so that mere "honest effort" to make seasonable delivery should not absolve the defendants. It seems to us that, upon the evidence in this case, no other answer to the counsel's argument is required beyond a reference to the general rule above stated,—a rule supported by *Roberts* v. *Mazeppa Mill Co.,* 30 Minn. 413, (citing cases,) where it is also laid down that ordinarily the question of reasonable time is for a jury under proper instructions.

The other ground upon which plaintiff seeks to maintain his position, viz., that the time of completion, July 21st, is an element of the "plans and specifications" mentioned in the agreement between plaintiff and defendants, is clearly untenable. The learned district judge very properly held that the words "plans and specifications" had reference to the character of the materials and work, and not to the time of completing the contract.

The court further instructed the jury as follows: "The defendants claim that they refused to deliver after the 18th of June because they were not paid according to the contract. You will observe that the provision in this contract in reference to payment is that payments are to be made monthly, or as often as estimates are made; and the question is as to whether these payments were a condition upon which the liability of the defendants to deliver depended. * * * *Taking the intention of the parties, my construction is that these defendants had a right to refuse to continue furnishing curbing if payment was refused according to the terms of the contract*, and to entitle them to that right there must be a demand of payment. It is not sufficient to merely ask for money from time to time. There must be a specific demand upon the other party of payment, and some indication of a purpose to insist upon the payment as a condition of a further delivery."

These instructions were given with related requests of plaintiff. Exception is taken by plaintiff to the clause which we have italicized. We have quoted the passage in which the clause complained of is found, in order that its proper bearing and connection may be seen; and in further answer to the argument of counsel in support of his exception, we cite *Robson* v. *Bohn,* 22 Minn. 410; *Robson* v. *Bohn,* 27 Minn. 333.

This disposes of what appear to us to be the more important questions of law in the case. The other positions taken and points made upon the plaintiff's brief appear to require no extended comment. They seem to us to relate, mostly, at any rate, to the character and effect of the testimony. This was contradictory and more or less confused; but, after a careful perusal of the settled case, we find ourselves unable to say that there was not sufficient to justify the verdict. It must be admitted to have been rather scant and unsatisfactory in places, but on all material points we think there was fairly something upon which the jury might reach their verdict in the exercise of reasonable judgment and good sense.

Order affirmed.