Thomas J. Canney *vs.* Henry F. Brown.

May 13, 1889.

Sale—Executory Contract for Deliveries as Required—Acts of Buyer Requisite to put Seller in Default.—Upon a contract to deliver 1,000,000 feet of paving plank during the season of 1887, no place being specified, the buyer left or sent orders to the seller from time to time to deliver plank at different places, without specifying any amount, some of which orders were not complied with, but notwithstanding which the orders and deliveries were continued through the season. *Held*, that upon such a contract, to put the seller in default, a demand specifying time and place of delivery—such a demand as would put him in the position of refusing to fulfil his contract if he failed to comply with it—was necessary. The failures to fill the orders referred to did not amount to a breach.

Appeal by plaintiff from an order of the district court for Hennepin county, *Hicks*, J., presiding, refusing a new trial.

*Welch, Botkin & Welch*, for appellant.

*Jackson, Atwater & Hill*, for respondent.

Gilfillan, C. J. This is an action for breach of a contract by defendant to sell and deliver to plaintiff 1,000,000 feet of lumber, be-

ing 2-inch plank, called "paving plank." After the evidence was in, the court, on defendant's motion, ordered a verdict for defendant. This was clearly right, for the evidence was not such that a verdict for plaintiff upon it could have been sustained. It failed to show a breach. The contract which the jury might have found on the evidence was for the sale of the million feet of lumber, the defendant to commence delivering it as soon as he could start his mill and the logs came down, and to continue the delivery through what the parties called the "paving season" of 1887, the delivery to be complete the last of November of that year. No particular place or times for the delivery, and no particular amounts to be delivered at a time, were expressly agreed on. , From the subsequent course of business of the parties with respect to the deliveries, it may be gathered as their understanding that, as the plaintiff needed the plank in his work of paving the streets in Minneapolis under his contracts with the city, he should send orders to defendant for delivery, and the deliveries were to be made where needed in the work. These orders appear to have been sent sometimes twice or three times a day, through the season, till November. The orders do not appear to have specified the amount of lumber required at the time, but to have been indefinite, to deliver plank at the work on a particular street, sometimes to deliver all he could send. These orders were not always filled, but to what extent they were not was not proved. The parties, however, acquiesced, and the sending or leaving the orders and the deliveries upon them continued through the season, they thereby treating the contract as still in force. No other demand on defendant for performance was shown. But a small part of the million feet was delivered. On such a contract of sale a demand specifying the time and place of delivery was necessary to put defendant in default,—such a demand as would put him in the position of refusing to fulfil the contract if he failed to comply with it. For this purpose the orders referred to were not sufficient. They were not such as to indicate to defendant that a failure to comply with them would be regarded as a breach of his contract. In *Palmer* v. *Breen*, 34 Minn. 39, (24 N. W. Rep. 322,) which was the case of a contract to deliver curbing stone, payments to be made for it at specified times,

the party claimed the right to refuse to make further delivery of the stone, because payments had not been made according to the contract. The court conceded the right upon a demand for payment, and said: "It is not sufficient to merely ask for money from time to time. There must be a specific demand upon the other party for payment, and some indication of a purpose to insist upon the payment as a condition of a further delivery." In the case of so indefinite a contract as that in this case, the demand ought to be precise and definite, and such as to apprise the party that he is called on to perform his contract. That the parties did not consider the orders as of that character is shown by the fact that the failures to fill them were not treated as refusals to perform the contract.

Order affirmed.