HERMAN POPPITZ v. GERMAN INSURANCE COMPANY OF
FREEPORT.[1]

December 27, 1901.

Nos. 12,700—(93).

Fire Insurance—Total Loss.

Northwestern Mut. Life Ins. Co. v. Rochester German Ins. Co., supra, page 48, followed and applied with respect to the question as to what constitutes a total loss within the meaning of our standard policy law.

Evidence.

Evidence examined and *held* not so clearly in favor of plaintiff's contention that he had suffered a total loss of his property as to justify the court in directing a verdict in his favor.

Waiver of Jury Trial.

A jury trial may be waived in the manner pointed out in G. S. 1894, § 5385, or by such unequivocal acts and conduct before the court as clearly show a willingness and intention to do so.

Request for Directed Verdict.

It does not necessarily follow, from the fact that at the close of the trial of an action both parties request the court for a directed verdict, that either thereby waived the right to have the cause submitted to the jury, if his request is denied; especially if his request for a directed verdict is accompanied by requests for other instructions.

Action in the district court for Carver county to recover $1,500 and interest upon a policy of fire insurance. The case was tried before Cadwell, J., who directed a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. *Reversed.*

*Countryman & Morrison,* for appellant.

*Chas. P. Barker,* for respondent.

BROWN, J.

Action to recover upon a fire insurance policy. The trial court directed a verdict for plaintiff, and defendant appealed from an order denying a new trial. The only assignment of error necessary

[1] Reported in 88 N. W. 438.

to be considered is whether the court below erred in directing a verdict for plaintiff. The contested question on the trial in the court below was whether plaintiff had suffered a total loss of the property insured. Plaintiff insisted that the loss was total, while defendant maintained that it was not.

The question as to what constitutes a total loss under our standard policy law was directly presented in the case of Northwestern Mut. Life Ins. Co. v. Rochester German Ins. Co., supra, page 48, the opinion in which, written by Justice LEWIS, was recently filed. We there held that a loss is not total, within the meaning of the standard policy law, unless the building insured be so far destroyed by the fire that no substantial part or portion thereof above the foundation remained in place capable of being utilized in restoring the building to the condition in which it was before the fire. The question was very fully and carefully considered, and the rule there laid down is believed to be sound, and must be followed and applied in this case.

Applying it, we have only to determine whether the evidence is so conclusive, or so clearly in favor of the contention that the building in question was so far destroyed by the fire as to render what remained unfit to be used in restoring the same to its original condition, as to justify the court in directing a verdict. We have examined the evidence with care, and find that it is not so clearly in favor of plaintiff's contention as to justify taking the case from the jury. It is conflicting upon the question, and such as to make a fair issue of fact. We need not discuss it. It is sufficient to say that witnesses for defendant testified that the walls of the building left standing after the fire were in good condition for rebuilding, and could have been utilized for that purpose. The court should therefore have submitted the question to the jury.

It is contended by respondent that defendant waived the right to have the case submitted to the jury. The basis of this contention is that at the close of the trial both parties requested the court for a directed verdict in their favor. Plaintiff's request was granted, and defendant's was denied. It is claimed that this amounted to a submission of the whole case to the court, and was,

by implication, a waiver of the right to submit any issue to the jury.

A jury trial may be waived in civil actions, it is true, and undoubtedly an intention to waive the same may be shown by the acts and conduct of the parties before the court. The manner of waiving such trial provided by G. S. 1894, § 5385, is not exclusive; but, when not indicated in the manner there pointed out, and the acts and conduct of a party are relied upon to show it, the intention to waive must clearly and unequivocally appear. When not appearing in the mode pointed out by the statute, all reasonable presumptions are against the waiver. Whether, in any case where both parties request a directed verdict at the close of the trial, and do not ask for instructions upon other issues, such conduct may be said to constitute a waiver of jury trial, we need not determine at this time. There are authorities sustaining the position. Sweetland v. Buell, 164 N. Y. 541, 58 N. E. 663; Grigsby v. Western, 5 S. D. 561, 59 N. W. 734. It is clear, however, that defendant did not waive its rights in this respect in the case at bar. It is true that its counsel requested the court to direct a verdict in its favor, but coupled therewith were requests to submit certain specified issues to the jury; thereby clearly indicating an intention on its part to insist upon the case going to the jury if its request for a directed verdict was refused, and is far from showing an intention to waive its rights in that respect. In this condition of the proceedings before the court below, it cannot be said that defendant waived its right to a jury trial.

Order reversed.