FRANK H. STAUFF v. GEORGE H. BINGENHEIMER.[1]

March 3, 1905.

Nos. 14,173 —(209).

**Motion to Direct Verdict—Severable Contract.**

Action to recover commissions which the plaintiff claims to have earned pursuant to a special contract set out in the opinion. *Held:*

1. A motion by each party that a verdict be directed in his favor cannot be construed as a waiver of the right to have the facts passed upon by the jury, or as an agreement to submit them to the trial judge in case the motion be denied.

2. The contract is not void for want of mutuality of obligation, but it is based upon a sufficient consideration.

3. Where the part of a contract to be performed by one party consists of separate and independent items, and the consideration therefor is apportioned to each item, the contract is severable. The contract in question is severable.

4. The trial court erred in directing a verdict for the defendant.

Action in the district court for Hennepin county to recover from defendant $4,556.74 and interest, claimed to have been earned as commissions in the sale of land under the contract set out in the opinion. The case was tried before Willard R. Cray, J., who directed a verdict in favor of defendant. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed and new trial granted.

*Arthur W. Selover,* for appellant.

*Flannery & Cooke,* for respondent.

START, C. J.

Action to recover commissions, which the plaintiff claims he earned as agent for the defendant in the sale of certain tracts of land pursuant to an alleged contract, which is in these words:

Minneapolis, Minn. Aug. 11, 1903.

1. Mr. F. H. Stauff.

Dear Sir:—It is agreed that I will deed to A. C. Lamport N. E. ¼ section 19–136–80; S. ½ sec. 25–136–81; S. ½ of S.

[1] Reported in 102 N. W. 694.

W. ¼, and S. W. ¼ of S. E. ¼, sec. 3–138–81; all of sec. 5–139–81, Morton Co., N. D., for a stated consideration of $7,493.70; will send deed to same to Lake City bank at Lake City, for delivery upon payment for my account of $4 per acre, or, $4,986.96; balance of consideration to be paid or delivered to you.

2. I also agree to make deed to Oscar Anderson and Oliver Carlson to sec. 11–136–81, Morton Co., N. D. and send same to same bank, with same directions, stated consideration $3,840, with directions to deliver same to your order upon receipt for my account of $4 per acre, cash, or $2,560. Balance of consideration to go to you.

3. I also agree to deed or assign contracts to you personally the S. E. ¼ sec. 19–136–80; East half, S. W. ¼ and the E. ½ of N. W. ¼ sec. 9–138–81; stated consideration $5,000, actual consideration, $4 per acre, or $2,880, cash.

4. You shall have credit for $480 on sale to Frutel, when the same is closed; credit to be given on your own purchases.

5. If I can get back the S. W. ¼ of 12–139–82 will deed it at $4 to anyone you say, you to have all over that. If I cannot get it back, will allow you a credit on your purchases of $320 cash.

6. Will deed or assign contracts on your own purchases leaving amount unpaid to N. P. Ry. or N. W. Imp. Co. for you to pay, and which will reduce by such amount the balance you will have to pay for those assignments or deeds; cash to be paid in St. Paul Exchange.

7. Direction shall be given the bank to deliver the deeds or any of them at any time between now and close of business on the 25th day of September, 1903.

Geo. H. Bingenheimer.

Accepted:
    F. H. Stauff.

We have numbered the several provisions of the contract for convenience.

The complaint alleged several separate and independent sales of different parcels of land. The answer admitted that the defendant signed the contract, and alleged, in effect, that its terms were never performed

by the plaintiff, and that he abandoned it. At the close of the evidence each party moved the trial court to direct a verdict in his favor. The motion of the defendant was to the effect that the jury be instructed to return a general verdict for him for the reason that upon all of the evidence the plaintiff was not entitled to recover any sum whatever. The court denied the plaintiff's motion, and granted that of the defendant. A verdict was returned accordingly. The plaintiff appealed from an order denying his motion for judgment in his favor notwithstanding the verdict, or for a new trial. The principal question presented by the record for our decision is whether the court erred in directing a verdict for the defendant.

1. The first contention of the defendant to be considered is that, each party having requested the trial court to direct a verdict in his favor, the plaintiff waived his right to have any question of fact submitted to the jury, and is now estopped from claiming that the case should have been submitted to the jury.

The rule contended for has been adopted in some other jurisdictions. 6 Enc. Pl. & Pr. 703. But it is not consistent with the uniform practice in this state from the beginning. A motion or a request for a directed verdict presents under our practice a question of law only. Such a motion or request is frequently made by counsel at the close of the evidence for the purpose of securing a ruling of the trial court upon some special question of law which is deemed to be decisive of the case, or for otherwise conserving the rights of his client. Now, to hold that when a party makes such a motion the opposite party, by making a counter motion for a directed verdict, may deprive him of the right to a jury trial in case the court should differ from him as to the law, would in practice result in great injustice. It would be a strained and unjust construction to hold in such a case that the party first making the motion thereby admitted that, if his own motion be denied, the motion of his adversary should be granted, or that he waived a jury trial, and consented that the trial judge might decide the case in accordance with the preponderance of the evidence. It cannot be fairly assumed, from the mere fact that a party makes a motion or request for a directed verdict in his favor, that he concedes anything except for the purposes of his motion. He admits for such purpose the credibility of the evidence against him, and every

fact and inference which may be fairly drawn therefrom in favor of his adversary. If, however, upon such concession, the court rules that the party making the motion is not, as a matter of law, entitled to a verdict in his favor, and he does nothing to waive his rights except to make the motion, it is then the duty of the court to submit the case to the jury, unless the opposite party is, upon the evidence, as a matter of legal right, entitled to a verdict in his favor.

We therefore hold that "a motion by each party to an action that a verdict be directed in his favor cannot be construed as a waiver of the right to have the facts passed upon by the jury, or an agreement to submit them to the trial judge in case the motion be denied." Poppitz v. German Ins. Co., 85 Minn. 118, 88 N. W. 438; Thompson v. Brennan, 104 Wis. 564, 80 N. W. 947.

In this case the plaintiff did nothing to waive his rights except to move the court to direct a verdict in his favor. On the contrary, he excepted at the time to the action of the court. It is obvious, then, that if the evidence made a case for the jury as to plaintiff's right to recover for any commissions whatever, the court erred in directing a general verdict for the defendant.

2. It is further urged by the defendant that there was no consideration for the contract of August 11, 1903, as there was no mutuality of obligation, in that the plaintiff was not bound by its terms to do anything. The plaintiff gave evidence on the trial tending to show that the plaintiff had been acting as the agent of the defendant for the sale of land for some time before the written contract was entered into, and had then procured purchasers for the separate tracts of land—one to Gerhart Frutel, one to Ben Gurnes—and on each claimed he was entitled to a commission of $480; that he had also found purchasers for other tracts, namely, A. C. Lamport and Oscar Anderson and Oliver Carlson, who were ready to buy as soon as proper abstracts and deeds could be obtained; and, further, that as a compromise of the plaintiff's claims the contract in question was made. The evidence was not inconsistent with, nor did it tend to vary, the terms of the contract. The contract, by necessary implication, assumes that there had been prior negotiations of some kind between the parties named therein for the purchase of the lands, and that the plaintiff claimed commission for the other sales. The evidence was competent for the purpose

of showing a consideration for the contract. If the plaintiff's claims, amounting to $960, for commissions on the two alleged sales, were settled by the acceptance of the defendant's contract whereby the claims were reduced to $160, and the balance made payable only in case the plaintiff purchased certain other lands of the defendant by crediting the amount on the purchase price thereof (see subdivisions 3, 4, and 5 of the contract), there was ample consideration for the contract. The evidence was sufficient to sustain a finding by the jury that such was the consideration for the contract.

Again, the plaintiff accepted and signed the contract, and with the knowledge and consent of the defendant, and undertook the performance thereof. Lapham v. Flint, 86 Minn. 376, 90 N. W. 780. The cases of Bailey v. Austrian, 19 Minn. 465 (535), Tarbox v. Gotzian, 20 Minn. 122 (139), and Ellsworth v. Southern Minn. Ry. Ex. Co., 31 Minn. 543, 18 N. W. 822, are not applicable to the facts of this case.

3. The next question to be considered is whether the contract is severable or entire. Where the part of a contract to be performed by one party consists of separate and independent items, and the consideration therefor is apportioned to each item, the contract is severable. Spear v. Snider, 29 Minn. 463, 13 N. W. 910; McGrath v. Cannon, 55 Minn 457, 57 N. W. 150.

It is clear from the mere reading of the contract that it is severable within the rule stated. The defendant agrees by subdivision 1 of the contract to deed the land described therein to the party, and for the consideration therein stated, and fixes the part of the purchase price to be paid to the plaintiff. This is a complete agreement in and of itself, except the time of the performance which is fixed by subdivision 7. Subdivisions 2 and 3 are also separate and independent obligations. Or, in other words, the defendant agreed to deed the particular land for the particular consideration named in each of the subdivisions 1, 2, and 3 of his contract, and by subdivision 7 he undertook to cause the deeds, or any of them, to be delivered on or before September 25, 1903. The contract, in legal effect, was that the defendant would deed the land in each case to the purchaser named, and allow the plaintiff for his services or commissions the difference between the consideration to be paid by the purchaser and the net sum to be paid himself. Vaughan v. McCarthy, 59 Minn. 199, 60 N. W. 1075. It follows that if the

defendant performed, or duly offered to perform, the conditions of one or more of the several agreements of the defendant to deed the land therein described, the plaintiff is entitled to recover the stipulated compensation in each of such cases.

4. This brings us to the question whether the evidence would sustain a verdict for the plaintiff on one or more of the agreements. The evidence is somewhat complicated. However, upon a full consideration of it, we have reached the conclusion that the evidence was sufficient to take the case to the jury upon the agreement contained in the first and second subdivisions of the contract, the alleged sales to Lamport and to Anderson and Carlson, respectively. As to the first the evidence tends to show that by consent of parties the defendant, in place of making deeds for all of the land, was to assign certain contracts made by the Northwestern Improvement Company; that the defendant, between August 11 and September 25, 1903, sent to the bank designated in the contract the abstracts of title, a deed, and assignments of the contracts of the land, which were in fact defective, and upon Lamport's objection they were returned for correction at the instance of the plaintiff; that the plaintiff and Lamport were able, ready, and willing to perform the agreement on their part up to October 2, but not after that date; and, further, that the title papers which had been returned for correction did not reach the bank until October 7.

The defendant claims that the evidence conclusively shows that the plaintiff prevented the fulfilment of the agreement by the defendant within the specified time in the contract; hence he cannot, as a matter of law, recover on the first agreement. The evidence makes the question one of fact, which includes the question of the plaintiff's diligence in informing the defendant of the objections and in returning the papers to the bank. This is necessarily so, for, if the plaintiff undertook to notify the defendant of the objections to the title, and caused the papers to be returned for correction, he was bound to wait a reasonable time for their return, although such time exceeded the limit fixed in the contract, before he could abandon the contract and claim the stipulated compensation. What would constitute such reasonable time was a question of fact. Roberts v. Mazeppa Mill Co., 30 Minn. 413, 15 N. W. 680.

As to the agreements contained in the second subdivision of the contract there is no serious claim made by the defendant that the parties therein named were not ready, able, and anxious to take deeds for the section of land therein described, each taking a deed for one-half thereof. But he claims that his contract was not to divide the section and make a separate deed for each part to the separate purchasers. The evidence, however, is sufficient to justify a finding that after the making of the contract the parties agreed that the land might be thus divided, and, further, that the defendant made the deeds accordingly, and sent them to the bank, which refused, under his instructions, to deliver them, although the full purchase price of the whole section was tendered.

The plaintiff claims that he is entitled to recover commission on the Frutel and Gurnes sales. It is clear, as a matter of law, that he cannot, for by the terms of the contract their payment was to be made by crediting the amount thereof on the purchase price of the land described in subdivision 3 of the contract. No claim is made that he ever complied with the conditions of this agreement. He, however, claims that there was no consideration for the agreement as to this conditional method of payment. The consideration was the defendant's contract, as we have stated.

Order reversed, and new trial granted.