AMERICAN BRIDGE COMPANY OF NEW YORK v. AMERICAN DIS-
TRICT STEAM COMPANY and Others.[1]

February 19, 1909.

Nos. 15,848—(168).

### Contract—Performance in Reasonable Time—Parol Evidence.

Action to recover the balance due upon a contract for the erection by
the plaintiff of the structural steel in the defendant's power house, and
for extras. The answer admitted the contract, and alleged as a counter-
claim damages sustained by the defendant by the delay of the plaintiff
in performing the contract. *Held:*

1. Where issues of fact are tried by the court without a jury, the
admission of incompetent or immaterial evidence is not reversible error
if the competent and relevant evidence is sufficient to support the findings
of.fact, and there is no reasonable ground for inferring from the nature
of the improper evidence that it was or might have been a material factor
in the court's determination of the facts.

2. Where a written contract is silent as to the time for performance,
the law implies that it must be performed within a reasonable time, and
parol evidence is not admissible to vary the construction of the contract
so implied by showing an understanding of the parties at the time it was
made as to what would be a reasonable time.

3. Parol evidence, however, of facts known to the parties at the time
the contract was made, which are pleaded, is competent and relevant
upon the trial of an issue of what, in view of all the circumstances, was
a reasonable time for performance, and also on the trial of the question
as to what damages were reasonably within the contemplation of the
parties.

4. The evidence sustains the findings of fact of the trial court, and no
reversible errors were made in ruling upon the admission of evidence.

Action in the district court for Ramsey county to foreclose a me-
chanic's lien for $16,013.59. The answer set up a counterclaim and
prayed for judgment of $22,977.82. The facts are stated in the opinion.
The case was tried before Brill, J., who found in favor of plaintiff
for the sum of $4,033.02. From a judgment entered pursuant to the
findings, plaintiff appealed. Affirmed.

[1] Reported in 119 N. W. 783.

*Frank B. Kellogg, C. A. Severance,* and *Robert E. Olds,* for appellant.

*Thomas McDermott* and *James D. Denegre,* for respondents.

START, C. J.

The appellant, hereinafter referred to as the Bridge Company, and the respondent, hereinafter referred to as the Heating Company, on May 5, 1905, entered into a contract by which the Bridge Company agreed to furnish the materials and labor for and to erect the structural steel work upon the power house in the city of St. Paul of the Heating Company for the sum of $82,500. The Bridge Company brought this action in the district court of the county of Ramsey to foreclose a mechanic's lien upon the power house and the lots upon which it was erected pursuant to such contract.

The complaint alleged that the Bridge Company at the request of the Heating Company furnished extras, not included in the original contract, which were used in the completion of the power house, and were of the reasonable value of $3,262.11, making, with the contract price, the total value of the materials and labor so furnished $85,762.-11, of which $69,748.52 had been paid. Judgment for $16,013.59 and the enforcement of the lien were demanded. The answer admitted the making of the contract and the furnishing of the extras of the value of $1,997.42, but other than this denied the claim for extras. The answer also alleged a counterclaim for damages in the sum of $22,977.82 on account of the unreasonable delay of the Bridge Company in completing its contract. The counterclaim was denied by the reply.

The issues were tried by the court without a jury. The ultimate findings of fact and conclusions of law of the trial court were to the effect that the Bridge Company furnished extras in the construction of the power house of the value of $1,997.42, and that all other claims for extras were not sustained by the evidence; that there remained unpaid upon the contract and for such extras the sum of $14,748.90; that the Heating Company sustained damages by reason of the delay of the Bridge Company in completing the contract within a reasonable time in the sum of $10,715.88; and, further, that the Bridge Company was entitled to judgment against the Heating Company for the sum

of $4,033.02. Judgment was so entered, from which the Bridge Company appealed.

The assignments of error raise two general questions: (a) Are the findings of fact sustained by the evidence? (b) Did the trial court err in its rulings as to the admission of evidence?

1. The first and the most important question to be considered is whether the findings are sustained by the evidence. The court found that, making allowance for all necessary delays by the Bridge Company, if it had prosecuted the execution of its contract with reasonable diligence, it could and would have completed the work on November 30, 1905, but it did not substantially complete the same until the summer of 1906; and, further, that by reason of such unreasonable delay the Heating Company necessarily paid for the erection of a temporary smokestack the sum of $386.58, for the rent of other boilers $1,494, for more coal for generating steam than would otherwise have been necessary $7,764, for rent of office $150, for covering opening in economizer floor $7.66, for salary of constructing engineer to oversee the work of erecting the power house for four months longer than would have been otherwise necessary $900, and for repair of broken wall caused by the negligence of the Bridge Company's servants $13.-64; and that the Heating Company had sustained damages by such delay in the sum of $10,715.88. The contract between the parties stipulated that a designated portion of the material should be delivered by the Bridge Company by June 15, 1905, and that it should immediately commence to erect same, and deliver and erect the balance of the steel without delay thereafter, unless it should be delayed by strikes or other causes beyond its reasonable control. The contract did not designate any definite time for the completion of the work. Hence the Bridge Company undertook to complete it within a reasonable time. Whether it did so was a question of fact, to be determined by a consideration of all of the circumstances of the case as disclosed by the evidence. Roberts v. Mazeppa Mill Co., 30 Minn. 413, 15 N. W. 680.

The evidence is voluminous, and it is not our purpose to discuss it as it would serve no practical purpose. We have, however, attentively considered the evidence aided by the briefs of respective counsel, and have reached the conclusion that, while there were de-

lays in the execution of the contract by the Bridge Company for which it was not responsible, nevertheless the finding of the trial court that the Bridge Company by reasonable diligence could and would have completed its contract by November 30, 1905, and that the delay thereafter to complete it was unreasonable, is fairly sustained by the evidence.

The rule as to the damages which the Heating Company were entitled to recover for the breach of the contract is this: They must be such as either arise naturally; that is, in the usual course of things from the breach itself or such as may reasonably be supposed to have been contemplated by the parties when making the contract as the probable result of the breach. Paine & Co. v. Sherwood & Sewall, 19 Minn. 270 (315). The correctness of the rule is not denied, but it is earnestly contended by the counsel for the Bridge Company that the several items of damage allowed by the trial court are remote and conjectural. Therefore their allowance is not justified by the evidence.

The record discloses evidence tending to show that the Bridge Company was advised at or before the time the contract between the parties was executed that the work called for by the contract was for the erection of an essential part of the Heating Company's heating plant; that it held a franchise from the city of St. Paul to conduct a heating business from its plant, which required it to have its plant ready by October 1, 1905; that it had made contracts with consumers to supply them with heat for the season of 1905 and 1906, and that it was expected that the plant would be so far completed that steam could be furnished therefrom for such heating season; and, further, that the Bridge Company then knew the nature and purpose of the heating plant and the Heating Company's obligation to so furnish steam to consumers and other facts relevant to the question of what damages for a breach of the contract it would be reasonable to suppose were contemplated by the parties thereto. We are of the opinion that the evidence, if it was competent, was sufficient to justify a finding of the trial court that damages of the character of those allowed by the court must have been contemplated by the parties in case of a breach of the contract, and that the Heating Company sustained damages by such breach to the amount of the several items allowed by the court.

The evidence also sustains the findings of the trial court as to the disallowance of a portion of the Bridge Company's claims for extras.

2. This brings us to the question whether reversible error was committed by the trial court in its rulings on the admission of evidence. In this connection we must keep in mind the rule that, where issues of fact are tried by the court without a jury, the admission of incompetent or immaterial evidence is not reversible error if the competent and relevant evidence is sufficient to support the findings of fact, and there is no reasonable ground for inferring from the nature of the improper evidence that it was or might have been a material factor in the court's determination of the facts. Mankato Mills Co. v. Willard, 94 Minn. 160, 102 N. W. 202.

Certain ordinances of the city of St. Paul relating to the Heating Company's franchise and the limitations thereof were received in evidence over the objections of the Bridge Company. The ruling is here assigned as error on the ground that the ordinances were incompetent and immaterial. If this were conceded, the ruling would not be reversible error for the record does not disclose any reasonable ground for inferring that such evidence was a material factor in the court's determination of the facts. We are, however, of the opinion that there was no error, reversible or otherwise, in receiving the evidence. The ordinances were not offered or received in evidence for the purpose of showing an understanding of the parties to the contract as to what would be a reasonable time for the performance of the contract, as counsel seems to claim. They were not admissible for such purpose.

Where a written contract is silent as to the time for performance, the law implies that it must be performed within a reasonable time, and parol evidence is not admissible to vary the construction of the contract so implied by showing an understanding of the parties at the time it was made as to what would be a reasonable time for performance. But parol evidence of material facts known to the parties at the time the contract was made, which are pleaded, is competent and relevant upon the trial of an issue of what, in view of all the circumstances, was a reasonable time for performance. Such evidence is also admissible on the trial of the question as to what damages were reasonably within the contemplation of the parties. Roberts v. Mazep-

pa Mill Co., 30 Minn. 413, 15 N. W. 680; Stone v. Harmon, 31 Minn. 512, 19 N. W. 88; Palmer v. Breen, 34 Minn. 39, 24 N. W. 322; Liljengren Furniture & Lumber Co. v. Mead, 42 Minn. 420, 44 N. W. 306; Day v. Gravel, 72 Minn. 159–163, 75 N. W. 1.

The ordinances and evidence of conversations between the agents of the respective parties prior to the making of the contract were admissible within the rule stated, either on the issue as to reasonable time for performance or on the question of what damages were reasonably within the contemplation of the parties. It is true that damages similar to those allowed in this case were disallowed in the case of Liljengren Furniture & Lumber Co. v. Mead, supra, because no extrinsic facts were alleged in that case showing any proximate relation between the breach of the contract and the damages claimed, as was done in this case.

We have examined the other rulings of the court on the admission of evidence complained of, and find no reversible error therein.

Judgment affirmed.