## Jonathan Palmer v. Frank J. Palmer.

*Promissory notes: Payable thirty days after demand: Statute of limitations*
A note payable on demand is payable at once and without demand, so that the statute of limitations runs from its delivery; and this rule has been applied where from the form of the contract it was manifest immediate payment was not expected; and a note payable thirty days after demand is within the same principle.

*Demand: Statute of limitations: Delay.* Where a demand is necessary to found an action upon, the demand is barred unless made within the period of the statute of limitations, and the right of action is extinguished by the delay.

*Statutes of limitation: Construction: When cause of action accrues.* Whatever may have been the prejudice formerly against statutes of limitation, they are now regarded as just and entitled to be fairly construed; and the cause of action should be held to accrue for the purpose of setting the statute in motion, at least where no delay is contemplated, as soon as the creditor by his own act and in spite of the debtor can make the demand payable.

*Submitted on briefs April 18.    Decided June 6.*

Case made from Genesee Circuit.

*W, Newton,* for plaintiff, argued that there was no law to restrain or forbid a party from making contracts payable in the future upon the happening of an event; and that a note or contract may be made payable when a certain event may occur in the future, however remote: *Sword v. Keith, 31 Mich., 247; Kimball v. Kimball, 16 Mich., 211; Jilson v. Gilbert, 7 Am., 100; Payne v. Gardiner, 29 N. Y., 146.* The note in suit is not a *demand* note, payable on demand, but a note that fixes a period of *thirty days, after an actual demand,* before it becomes due; and until the expiration of that time after demand in fact, no right of action accrued, no interest was borne, and no suit was maintainable: *2 Parsons on Notes & Bills, 644, and cases.* It is like a note payable at a given period after notice, in in which case notice must be given and then the additional period must elapse before the statute begins to run: *Clayton v. Gosling, 5 B. & C., 360; Norton v. Ellam, 2 M. & W., 461.* Notes payable on demand are due immediately; but the rule is different where a note is payable a *certain time* after demand: *Cornell v. Moulton, 3 Denio, 12; Norton v. Ellam, supra; Thompson v. Ketchum, 8 Johns., 190, 374.* As between maker and payee, where the rights of endorsers are not involved, the question of diligence in presenting the paper and demanding payment does not arise. No such question exists here. No injury accrued to the maker; he was not liable to pay interest until thirty days after demand of payment, and there is nothing in the contract that bound the holder to present it at any particular time, or within any specified number of years.

*A. C. Baldwin,* for defendant.

The theory of defendant is, that as this note was without interest, a demand must be made in a reasonable time after the giving of the note, and if more than six years elapsed

after the expiration of the thirty days, the statute would operate and' would bar a recovery. Two old English cases are against this proposition. For the first, however (*Holmes v. Kerrison*, 2 *Taunt.*, 323), no reasons are given; and it was in an inferior court, and the whole bench did not take part. The other (*Thorpe v. Booth, R. & M.*, 388) was decided on the authority of the previous one, the court saying: "This is certainly a point of some doubt and difficulty." These cases ought not to be considered of very great authority.

*Payne v. Gardiner*, 29 *N. Y.*, 146, is largely relied upon by plaintiff's counsel; but there is nothing in it particularly applicable to this case. It was considered at great length, and the opinion given . by a divided court. As this case was properly decided for the plaintiff upon other grounds than the necessity of a demand, and three of the judges hold no demand was necessary, the case has as great a bearing for us as for our adversaries.

Statutes of limitation are founded on sound policy, are statutes of repose, and are not to be evaded by construction: *Roberts v. Pillow, Hempst.*, 624; *Philip v. Pope, 10 B. Mon.*, 163; *Dickerson v. McCarny, 5 Geo.*, 486; *McCarthy v. White, 21 Cal.*, 495; and should be regarded with favor by courts of justice, and should be so construed as to advance the policy they were designed to promote: *Gautier v. Franklin, 1 Tex.*, 732. The law presumes when the paper does not draw interest that a demand will be made in a reasonable time. Reference is also made to *Stamford v. Tuttle, 4 Vt.*, 87; *Collard's Admr. v. Tuttle, 4 Vt.*, 492; *Jones v. Eisler, 3 Kans.*, 134; *39 Me.*, 492; *Codman v. Rogers, 10 Pick.*, 119, as sustaining defendant's proposition.

What is to be considered a reasonable time for making demand in such cases does not appear to be settled by any precise rule; it must depend upon circumstances. If no cause for delay can be shown, it would seem reasonable to require demand to be made within the time limited by the statute for bringing the action. There is the same reason for hastening the demand that there is for hastening the commencement of the action; and in both cases the same presumptions arise from delay.

CAMPBELL, J :

The only question in this case is, whether a certain promissory note, not negotiable, given by the defendant to plain-

tiff, was barred by the statute of limitations when suit was begun.

The note was in the following terms:

"$1,500.                    ATLAS, MICH., Oct. 16, 1867.

"Thirty days after demand, I promise to pay Jonathan Palmer fifteen hundred dollars, value received, without defalcation.                    FRANK J. PALMER."

No demand is found to have been made until May 22d, 1874, or six years and seven months after date. An attempt was made to show a previous demand by showing the transmission by mail of a letter from the cashier of a bank to whom the paper had been sent in July, 1873. This notice is not found, to have reached defendant, and it contained nothing to indicate the identity or ownership of the note. The court below found against it.

Although some evidence is set forth in the finding, which seems to have been inserted at the request of counsel, and which may possibly have had some bearing upon the consideration of the note, yet no finding is based upon it. The only pertinent facts found at all are the making and non-payment of the note, and the demand made in 1874.

The court found that the suit was not barred. This conclusion was based on the theory that until demand made no action accrued; and that as the time limited by the statute runs from the time when action accrues, it did not begin to run until thirty days after May 22d, 1874, from which date interest was allowed.

Taking this note as it reads, and as it is established by the finding, being payable without interest, it is impossible to assume that it was intended to run for any considerable time. The fair inference is, that it was given for some debt or other consideration on which an immediate liability existed, which the maker of the note expected to be ready to meet on reasonable notice, which was fixed at thirty days. If the note had been negotiable, and endorsed over, any long delay to present it would unquestionably have released the endorser.

PALMER v. PALMER.

If the judgment is correct, it can only be so because, by the terms of the contract the holder had a right to postpone the maturity of the debt as long as he chose to do so. For if the debt did not become payable until fixed by demand, and the demand was optional with the creditor, no tender could be made which would bind him, and he could keep the debt alive in spite of the debtor, for an indefinite period. If there was any infirmity in the consideration, or any defect in the binding character of the obligation, he might retain it until all testimony was lost, and defeat the defense. This is the mischief which the statutes of limitation were intended to remedy. If this case is not within them, it is not because it ought not to be covered by them.

It is now well settled that a note payable on demand is payable at once and without demand, so that the statute runs from its delivery. And this rule has been applied where from the form of the contract it is manifest that immediate payment was not expected. Thus in *Norton v. Ellam*, 2 *M. & W.*, *461*, the note called for interest, which indicated at least an expectation of some delay. In *Howland v. Edmonds*, *24 N. Y.*, *307*, the premium capital notes of a mutual insurance company, payable "in such portions and at such time or times as the directors of said company may, agreeably to their act of incorporation, require," were held to stand on the same footing with ordinary demand notes, so that the statute began to run from date. In *Waters v. Thanet*, 2 *A. & E.*, *N. S.*, *757*, a party had promised to pay the amount of certain dishonored bills "whenever my circumstances may enable me to do so, and I may be called upon for that purpose." This promise was made in 1803. An action was begun in 1838, less than six years after demand, and within a year after the plaintiff had learned of defendant's having become solvent through inheritances. It appeared, however, that he had actually become able to pay in 1825, and the court held the statute ran from such ability, without demand. A similar decision was made in *Jones v. Eisler*, *3 Kansas*, *134*, where the note was payable

when the maker received a payment from government, or as soon as otherwise convenient. The statute was held to run after a reasonable time, which there was held on the facts to have been not later than sixty days. In *Emery v. Day*, *1 C. M. & R.*, *245*, a contract was made for. work payable out of a public fund to be provided, but it was held the statute began to run from the time the work was completed, although the fund was not raised until some time thereafter.

If this question depends upon any reasonable principle it is impossible to find any ground for holding notes payable on demand as setting the statue running at once, which would not make the note in the present case barred in six years after the expiration of thirty days. The payee could have presented it at any time, and it is not the design of the statute to put it in the power of the creditor to postpone its application at his own pleasure.

Such notes are very rarely given. It is quite common to make bills of exchange payable at or after sight. But the drawer and endorsers are discharged by any considerable delay. It is one of the legal conditions of such paper that there shall be a speedy presentment. Why a different rule should be applied to a note is not evident.

There are not more than half a dozen cases, if so many, in which this form of note has been passed upon directly. In *Holmes v. Kerrison, 2 Taunt.*, *323*, it was held that a note payable after sight was not barred until six years after it had been presented for payment. And in *Thorpe v. Booth, Ryan & Moody, 388*, upon the authority of that decision, a note dated March 12th, 1813, payable twenty-four months after demand, and not demanded until June 28th, 1823, was held not barred. In *Holmes v. Kerrison* the case is put, without further reasoning, upon the ground that no action could have been brought until after presentment, and *Thorpe v. Booth* contains no reasoning at all. While these decisions seem to have settled the practice in England, no subsequent case, so far as we have been in-

formed, seems to have affirmed or vindicated them in any direct way, although they are probaly adhered to. But so far as their principle is involved, it has been departed from to some extent at least.

In *Webster v. Kirk, 9 E. L. & Eq., 408,* it was held that a payee who had been sued by a subsequent holder of a dishonored bill could not in turn sue the drawer more than six years after the dishonor of the paper, although a much less time had elapsed since his own liability had been enforced. It was urged that the payee could not sue on a note which he did not hold, and that no action therefor accrued to him until he was damnified. But the court of Queen's Bench held nevertheless that the statute ran from the dishonor. This could only have been upon the ground that any of the parties might have taken up the paper and thus obtained a right of action. In *Clayton v. Gosling, 5 B. & C., 360,* a note payable twelve months after notice had not been presented before the maker went into bankruptcy. The question came up whether it was provable under the commission as an existing debt due, and it was held provable. The court, however, placed the decision upon the ground that inasmuch as the note contained the words "for value received," it was an admission of an existing debt, and might be regarded as security for it. This is a far-fetched reason, which shows how far it was deemed proper to go to prevent a failure of justice.

In the United States there have been some incidental recognitions of the doctrine of *Holmes v. Kerrison.* *Thrall v. Mead, 40 Vt., 540,* Stanton v. Estate of Stanton, 37 Vt., 411,* and *Wolfe v. Whiteman, 4 Harrington, 246,* appear to adopt it.

In New York there are dicta to the same effect in *Wenman v. Mohawk Ins. Co., 13 Wend., 267,* and *Bruce v. Tilson, 25 N. Y., 194,* and *Howland v. Edmonds,* before cited. No such point arose in any of these cases, and the actual decision in each of them is, in our opinion, difficult to harmonize with any such principle.

In *Morrison v. Mullin, 34 Penn. St., 12*, it was held that where a demand was necessary to found an action upon, the demand was barred unless made in six years, and the right of action extinguished by the delay.

We cannot but think this to be sound doctrine; whatever may have been the ancient prejudice against statutes of limitation they are now regarded as just and entitled to be fairly construed. If a creditor has the means at all times of making his cause of action perfect, it would be unjust and oppressive to hold that he could postpone indefinitely the time for enforcing his claim by failing to present it. He is really and in fact able at any time to bring an action, when he can by his own act fix the time of payment. It is no stretch of language to hold that a cause of action accrues for the purpose of setting the statute in motion as soon as the creditor by his own act, and in spite of the debtor, can make the demand payable. It may be otherwise, possibly, where delay is contemplated by the express terms of the contract, and where a speedy demand would manifestly violate its intent. But where no delay is contemplated the rule is just and reasonable; and the presentment should be reasonably prompt, or the creditor should be subjected to the operation of the statute.

The judgment must be reversed, and judgment entered for the defendant on the finding, with costs of both courts.

The other Justices concurred.