BALL v. THE KEOKUK AND NORTHWESTERN R'Y CO.

62  751
83  433

62  751
92  430

1. **Statute of Limitations:** THE RUNNING OF NOT DELAYED BY NEGLIGENCE IN MAKING DEMAND. Where the right of action depends upon some act of the plaintiff, such as the making of a demand, he cannot, by failing to do such act, prevent the statute of limitations from running. And in this case, where plaintiff seeks to recover of the defendant for the appropriation of land for right of way, and defendant sets up as an equitable .defense a written agreement of plaintiff to convey the land upon demand after the location of its road, and defendant neglected for more than ten years after the location of its road to demand a deed, *held* that, in the absence of special circumstances excusing the delay, the cause of action pleaded as an equitable defense was fully barred, whether it be regarded as a cause of action based on a written contract, or an action brought for the recovery of real property.

*Appeal from Lee Circuit Court.*

FRIDAY, SEPTEMBER 21, 1883.

THE petition states that the plaintiff is the owner of certain real estate, and that defendant entered thereon without his consent, destroyed fences, committed waste, and has taken and appropriated a strip of land for right of way, and has constructed its road thereon, without having obtained the right to do so; wherefore a recovery is asked. The defendant pleaded an equitable defense, and alleged that in 1869 the plaintiff executed a contract in writing, whereby he agreed to convey the right of way over a portion of the premises described in the petition to the Keokuk and Minnesota Railway Company, and that, at the same time, Cassel, under whom the plaintiff claims, executed a similar contract, whereby he agreed to convey the right of way over another portion of the premises to the last named company. It is stated that the defendant has acquired all the rights of the Keokuk and Minnesota Company. As to another portion of the land, the defendant pleads and relies on an oral contract, under which plaintiff, for a named consideration, agreed to convey to defendant the right of way over the same.

The relief asked, in substance, is that the plaintiff specifically perform said contracts.

The court directed the equitable defense to be first tried, and found for the plaintiff. A decree was accordingly entered, and defendant appeals.

*Anderson Bro's* and *Davis*, for appellant.

*D. W. Sprague* and *Hagerman, McCrary & Hagerman*, for appellee.

SEEVERS, J.—The written contracts under which the defendant claims are as follows:

"In consideration of the sum of one dollar, the receipt whereof is hereby acknowledged, we do hereby agree to convey to the Keokuk and Minnesota Railway Company the right of way for a double or single railroad track, not exceeding one hundred feet in width, the same to extend through lands as follows: * * * * *, the same to be deeded to the aforesaid company on demand, after said road shall have been located through the said described lands."

The court ordered that defendant make a more specific statement as to when the road was located over the lands in question, and when a deed was demanded.

In compliance therewith, the defendant stated in an amended pleading that the "Keokuk and Minnesota R. R. Co. located its roadway over the lands described in the petition in the year 1869, and that in the month of August, 1880, a demand was made on the plaintiff that he execute a deed in compliance with his bond for a deed, which he refused to do."

Upon the trial it was "admitted that the road was located by the engineers of the Keokuk and Minnesota R. R. Co. in 1869." There is some evidence tending to show that there was a location made in 1870, but we think, under the statements made in the pleadings, and admissions on the trial, that we must, for the purpose of the case, hold that the road was located in 1869.

The plaintiff's action was commenced in October, 1880, but the answer of the defendant, pleading the equitable defense, was not filed until March 9, 1881. The demand for a deed was not made until more than ten years had passed after the road had been located. The plaintiff insists that the equitable defense is barred by the statute of limitations.

I. It is provided by statute that actions "founded on written contracts, *    *    *    *    * and those brought for the recovery of real property, must be commenced within ten years" after the cause of action accrues. We think the cause of action stated in the answer as an equitable defense is based on and brought to enforce a written contract; but whether this is so or not is immaterial, for, if brought to recover an interest in land, it is also barred in ten years after the cause of action accrues.

1. STATUTE of limitations: the running of not delayed by negligence in making demand.

The important inquiry is, therefore, when did the cause of action accrue? The deed was to be executed on demand after the location of the road. No cause of action accrued, it will be conceded, until after demand. But the demand should be made within a reasonable time. Ordinarily, what is a reasonable time must depend on circumstances. We have held that, where the right of action depends upon some act to be done by the plaintiff, he cannot, by failing to do such act, prevent the statute from running; as where the plaintiff had a right of action against a county for services performed, but before bringing it he was required to present his claim to the board of supervisors. *Baker v. Johnson Co.*, 33 Iowa, 151. Under the Revision, the purchaser at a tax sale was entitled to a deed three years thereafter. In *Hintrager v. Hennessy*, 46 Iowa, 600, the purchaser at a tax sale was entitled to a deed in December, 1864, but did not procure it until May, 1871, more than five years after the sale, which was the period of limitation for bringing the action, and it was held that the action was barred. It has been held, when a right of action depends upon a demand, that such demand must be made

within the period prescribed by the statute of limitations; that is, in the case at bar, the right to a deed depended on the location of the road. When the road was located in 1869, a demand for a deed could have been made; but, as this was not done until more than ten years had elapsed after the right to make the demand accrued, the cause of action pleaded as an equitable defense was fully barred. *Keithler v. Foster et al.*, 25 Ohio St., 27; *Palmer v. Palmer*, 36 Mich., 488; *La Forge v. Jayne*, 9 Pa. St., 410; *Pittsburg and Connellsville R. R. Co. v. Byers*, 32 Id., 22; *Morrison, Adm'r, v. Mullin*, 34 Id., 12; *Codman v. Rogers*, 10 Pick., 112.

In other words, these cases hold that, where there are no special circumstances which excuse the party from making the demand, and the same is not made within the time prescribed in the statute, then it is not made within a reasonable time, and this, we think, is the correct rule.

The appellant contends that equity regards that as done which a party has agreed to do, and that the simple non-user of the right of way, which is an easement in land, for the period prescribed in the statute of limitations, will not create the bar of the statute. In support of this proposition, *Wright v. LeClaire*, 4 G. Greene, 420; *Barlow v. The C., R. I. & P. R. Co.*, 29 Iowa, 276, and *Noll v. D., B. & M. R. R. Co.*, 32 Id., 66, are cited.

Under the statute in force when the first of the above cases was decided, it was held that an action for specific performance was an action affecting real estate, and, therefore, the statute barring real actions applied. It was not determined within what time a demand should be made. Since that decision, the statute has been materially changed, and in *Newman v. De Lorimer*, 19 Iowa, 244, it was held that actions upon written contracts, whether the same were at law or in equity, were equally within the statute of limitations.

Now, the equitable defense is based on written contracts, and seeks to enforce an equitable right to real estate. The statute clearly applies. In the *Barlow* and *Noll* cases, above

Ball v. The Keokuk & Northwestern R'y Co.

cited, there was an express grant of the right of way; but not so in the case at bar. Here there is a mere agreement to convey on demand. The plaintiff was not bound to convey until a demand was made. We think the rule that equity regards that as done which a party has agreed to do, only applies where the party has bound himself independently of any contingency which may or may not occur.

II. As to a portion of the land, the appellant claims to be entitled to the right of way under a parol contract. The claim is that the appellant offered, and the appellee agreed to take, $60 for the right of way, and that appellant tendered the money and entered into possession under the contract, which it also claims has been established by the evidence of the plaintiff.

The witnesses who testified in relation to the oral contract were the plaintiff, one Bank, and Anderson, vice-president of the defendant. An effort had been made to condemn the right of way upon a certain line, and a sheriff's jury did so; but, because of some informality, this condemnation was abandoned, whereupon Anderson, acting for the defendant, made an offer to purchase the right of way as above stated. Both Ball and Bank testify that the offer was accepted upon the condition that the right of way should be the same as had been condemned; that is, over the same land. We do not understand Anderson to deny in terms that such was the understanding.

The most that can be said is that he states the transaction somewhat differently. But be this as it may, we think the preponderance of the evidence as to this matter is with the plaintiff. We also think the preponderance of the evidence is with the plaintiff as to the question whether the right of way taken under the oral contract is the same as that condemned. We think the defendant has failed to establish the oral contract as claimed by it, and, therefore, is not entitled to its specific performance.

AFFIRMED.