JOHN F. COLBURN, ADMR. v. THE FIRST BAPTIST CHURCH AND SOCIETY OF MONROE.

*Money paid for another's use—Action for—Statute of limitations—Statute of frauds—Borrowed money— When payable on demand.*

1. Where no special time is fixed for the payment of borrowed money, the loan is impliedly payable on demand.

2. On a review of the facts in this case, the Court finds that the note upon which plaintiff claims was never a legal liability of the defendant.

Error to Monroe. (Joslyn, J.) Argued February 10, 1886. Decided February 17, 1886.

Assumpsit. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*O. A. Critchett*, for appellant.

*Gouv. Morris* and *H. A. Wilkinson*, for defendant.

CAMPBELL, C. J. This suit was begun to recover back a certain sum of money paid by the estate of the decedent upon a note which is claimed to have been a debt of defendant, so that the money was paid to the use of defendant. The circuit court for the county of Monroe held that the

payment did not so operate, and that while an indebtedness existed at one time directly to the deceased, it was barred by limitation.

So far as material, the facts as found were as follows : In 1872 defendant, a religious corporation, being desirous of raising money for church purposes, Doty and the four other trustees executed their joint and several promissory notes, at four and six years, payable to Elizabeth Lavoye or bearer, and delivered them to Charles M. Stocking, defendant's insurer, who got the money on them. These notes were individual notes, and the defendant did not in any way become responsible to the holder.

In 1873 the defendant borrowed on mortgage the sum of $5,000, and lent it to Caleb Ives, one of its trustees, who in consideration of this advance agreed, not only to pay the mortgage itself, but also to pay off a considerable amount of debts of the defendant, aggregating about $3,000, and including these "trustees' notes." The note secured by the $5,000 mortgage was given by Ives, and guaranteed officially by the trustees of defendant. Ives gave some collateral security to the mortgagee. Ives paid most of the church debts, but not the note in question, beyond some interest, and did not pay all of the mortgage, having failed in business. Defendant took up the balance of the mortgage, and received the collaterals, realizing ultimately some money on them. The note in question was proved against Doty's estate and paid.

We think the court below decided correctly that under these circumstances the note in question was never a legal liability of defendant. Defendant became liable to the signers for the money raised upon it, but the statute of frauds stands in the way of any suretyship, and there is nothing in the facts found to indicate that even an unwritten promise was made to Mrs. Lavoye, the holder of the paper, by defendant. Neither is it found that any definite arrangement was made between defendant and the signers of the note which would operate as an agreement to pay the notes themselves as they matured. The Ives arrangement, while it bound him to pay the notes, involved no agreement by

defendant to do so.   The understanding, if any existed, was probably a vague one, and the relations of the parties probably led to leaving the matter in that condition.   There is, at any rate, no finding which would hold defendant to the payment of the note as its own debt, and according to its terms, and the finding seems warranted by the testimony.

This being so, we have no proof of any contract with Doty, except such as arose out of his being one of the persons who lent the defendant money at the date of the notes, with no special arrangement as to time of payment.   Under such circumstances a loan. is impliedly payable on demand, and the lapse of time before this suit was brought unquestionably barred this claim.

The judgment must be affirmed.

The other Justices concurred.