JAMES B. SMITH v. THE ESTATE OF EUGENE SMITH.

*Evidence—Matters within knowledge of deceased person—Statute of limitations.*

1. The assignor of a claim against the estate of a deceased person for logs loaned the deceased is not disqualified under the statute from testifying, in a suit by the assignee to recover the claim, to the arrangement made by the assignor with the agent of the deceased, in his absence, and under which the logs were delivered; citing *Wheeler v. Arnold*, 30 Mich. 307; *Jones v. Beeson*, 36 Id. 214; *Ward v. Ward*, 37 Id. 253; *Seligman v. Ten Eyck's Estate*, 49 Id. 109; *Cotherman v. Cotherman's Estate*, 58 Id. 467.

2. Where logs of like quality are to be returned on demand, the demand should be made within a reasonable time, and will be presumed to have been made, in the absence of testimony as to its date, at the expiration of six years from the time the logs were received, at which time the statute of limitations will commence to run against the claim.

Error to St. Clair. (Canfield, J.) Argued February 19, 1892. Decided March 18, 1892.

Appeal from the disallowance by commissioners of a claim against the estate of a deceased person. Claimant brings error from a judgment disallowing the claim. Affirmed. The facts are stated in the opinion.

*S. W. Vance,* for appellant, contended:

1. The transaction was a gratuitous loan for consumption, to be returned in kind, quantity, and quality when demanded; citing *Erwin v. Clark*, 13 Mich. 10; *Ledyard v. Hibbard*, 48 Id. 421; and a right of action would not accrue until a demand was made; citing *Little v. Blunt*, 9 Pick. 490, 491; *Codman v. Rogers*, 10 Id. 112; *Beller v. Schultz*, 44 Mich. 529; *Lobdell v. Hopkins*, 5 Cow. 516; *Russell v. Ormsbee*, 10 Vt. 274; *Thrall v. Mead's Estate*, 40 Id. 540; *Vance v. Bloomer*, 20 Wend. 198; *Frazee v. McChord*, 1 Cart. (Ind.) 224; *Lincoln v. Purcell*, 2 Head, 143; and the statute of limitations would not begin to run until the

making of such demand; citing *Parker v. Gaines*, 11 S. W. Rep. 693; *Fosdick v. Greene*, 27 Ohio St. 484.

*Lincoln Avery* (*Atkinson, Vance & Wolcott*, of counsel), for appellant.

*Frank Whipple* (*H. W. Stevens*, of counsel), for estate, contended:

1. It seems to us that, by his own books, claimant has stated an open account current, which was barred in six years from date of last entry; citing How. Stat. § 8717; *Kimball v. Kimball*, 16 Mich. 211; *Campbell v. White*, 22 Id. 178; *White v. Campbell*, 25 Id. 462; *Payne v. Walker*, 26 Id. 59; *Sperry v. Moore's Estate*, 42 Id. 357.

MORSE, C. J.   James B. Smith, as assignee of Abram Smith, presented a claim against the estate of Eugene Smith, deceased, before the commissioners on claims, for logs loaned as follows:

1873.

| May 26. | Pine logs | 128,480 ft. at $12 per M. |
| June 2. | Pine logs | 127,440 ft. at 12 per M. |
| Nov. 1. | Short logs | 4,236 ft. at 12 per M. |
| Nov. 1. | Long logs | 36,073 ft. at 12 per M. |
| Nov. 1. | Hemlock logs | 998 ft. at 8 per M. |

1874.

| Aug. 22. | Pine logs | 2,060 ft. at 12 per M. |

In the statement of his claim, it was admitted that Eugene Smith returned to Abram Smith logs of the value of $1,230.39, leaving due to Abram the sum of $4,001.43, with interest from the year 1884. Upon the trial in the circuit court for the county of St. Clair, on appeal from the commissioners' action in disallowing this claim, it appeared from an account of this transaction upon the books of Abram Smith that the logs received from Eugene Smith were returned in the years 1874 and 1875. It was also shown that a demand for the balance of the logs was made upon Eugene Smith in 1887. The circuit judge instructed the jury that the claim was bar-

red by the statute of limitations, and they found a verdict disallowing the same.

As the circuit judge said in his charge to the jury, there was only one witness who testified to the contract between the parties, William Armstrong, who was rafting logs in Black river in 1873 and 1874 for both Abram and Eugene Smith. He testified that Eugene's mill was short of logs, and he requested witness to ask Abram if he would not lend him some of his logs to keep his mill going until he got his logs in market. Abram told Armstrong to let Eugene have the logs, and have Mr. Wheeler scale them. The logs were to be returned; but when, the witness is unable to state. Some were returned. In speaking of Eugene getting his logs into market, he referred to logs Eugene then had up the stream in Black river. This is all the evidence there is in the record as to the contract. It is evident that the same logs were not to be returned, and it is probable that it was contemplated between the parties that logs of like kind and quality should be returned as soon as Eugene's logs, then on hand, came down the stream and into the St. Clair river. Eugene's mill was located at St. Clair, and Abram's at Algonac. Eugene died in March, 1888.

Error is assigned upon the rejection of certain testimony. It was proposed to show by Abram Smith that, when Armstrong came to him to request a loan of the logs to Eugene, Abram said to him, in substance, that he might have them, as he had more than he needed at that time, but they must be returned to him when he demanded them, and that Armstrong, for Eugene, consented to that arrangement, and in reliance upon it the logs were sent to Eugene. The offered testimony was rejected for the reason that Abram was disqualified, under the statute, from testifying to matters equally within the knowledge of Eugene. The testimony was competent.

*Ward v. Ward,* 37 Mich. 253; *Cotherman v. Cotherman's Estate,* 58 Id. 467; *Jones v. Beeson,* 36 Id. 214; *Seligman v. Ten Eyck's Estate,* 49 Id. 109; *Wheeler v. Arnold,* 30 Id. 307.

Assuming in their brief that this testimony was admissible, and that the case should be treated as if it were in, plaintiff's counsel argue that the loan of these logs was not a sale, but a gratuitous loan for consumption, to be returned in kind, quality, and quantity when demanded, and therefore in the nature of a bailment. It is then further contended that no action would lie against the bailee until a demand was first made, and that the statute of limitations would not commence to run until after such demand. The circuit judge thought that the transaction was a sale; but he further held that if Eugene was to return logs of like quality, kind, and quantity, upon demand, and such a demand was necessary before Abram would have a right of action for them or their value, still the demand must be made in some reasonable time, and that such reasonable time must certainly be within the statute of limitations. The last transaction between these parties in reference to these logs was shown by the books of Abram Smith to have been on the 11th day of October, 1875. No demand is proven to have been made until 1887, about 12 years after the loaning of the logs. It is also shown that Eugene Smith quit lumbering in St. Clair in 1876, his mill being burnt at that time, and that he ceased lumbering altogether in 1881, six years before the proven demand was made.

Defendant's counsel claim that Abram Smith's books show an open mutual account current between the parties, and that it was barred in six years from October 11, 1875. It appears very plainly from Abram Smith's books that he treated this matter as one of debit and credit,

as he would have done in any other transaction of barter and sale. He charged the logs at the date they were taken by Eugene to him, and credited him with logs at various times as he received them from Eugene. They do not appear upon the books as "loaned" or "returned," but as debit and credit; and we have no doubt that the transaction was a sale, and not a bailment, and that the account was twice outlawed at the time of Eugene's death.

Treating the case as if Abram Smith had testified to the contract with Armstrong, that the logs were to be returned on demand, still the account, in our opinion, was outlawed. We are satisfied that the demand in such case should, upon principle and the best authority, have been made within a reasonable time, and that a demand should be presumed at the expiration of the time when an ordinary money claim would be barred by the statute; and giving six years from the 11th of October, 1875, in which to make the demand would certainly be a reasonable time. If demand had been made at that time,—October 11, 1881,—the account would still have been outlawed at the time of Eugene Smith's death, in 1888.

The object of the statute of limitations is a beneficial one; and it is a salutary protection against fraudulent and stale claims, which without it might purposely be postponed for enforcement until the lapse of time had destroyed the proofs of their falsity.

As said by Story, J., in *Spring v. Gray*, 5 Mason, 505, 523:

"There is wisdom and policy in it, as it quickens the diligence of creditors, and guards innocent persons from being betrayed by their ignorance or their overconfidence in regard to transactions which have become dim by age."

This rule gives the party six years in which to make

his demand, and six years in which to commence his suit after demand, in all cases where a demand is necessary before suit. See *Keithler v. Foster*, 22 Ohio St. 27; *Massie v. Byrd*, 87 Ala. 672 (6 South. Rep. 145); *Thrall v. Mead's Estate*, 40 Vt. 540; *Codman v. Rogers*, 10 Pick. 119; *Mitchell v. McLemore*, 9 Tex. 151; *Eborn v. Zimpelman*, 47 Id. 516; *Morrison's Adm'r v. Mullin*, 34 Penn. St. 12; *Ball v. Railway Co.*, 62 Iowa, 751 (16 N. W. Rep. 592); *Lower v. Miller*, 66 Id. 408 (23 N. W. Rep. 897); Ang. Lim. § 96; Bus. Lim. § 159.

There may be cases of deposit or bailment where the statute of limitations would never run against the demand, or, in other words, the statute would not commence to run until a demand for the article on deposit or in bailment had been made, as shown in the cases cited by plaintiff's counsel, but this is not one of them.

It is apparent here, conceding that Abram Smith would have sworn as his testimony was offered, that Abram contemplated a comparatively speedy return of the logs. He did not need them just then, and would let Eugene have them, but they must be returned on demand. Is it likely that he contemplated waiting 12 or 13 years before making a demand, or that he did so? Yet, if the statute is not permitted to furnish the utmost reasonable limit within which a demand should be made, we have here a stale claim, at least 13 years old at the time of Eugene Smith's death, to be litigated after his decease, when the proofs are so meager and unsatisfactory that a court or jury cannot ascertain what the contract was, or whether the account has been paid or not. The policy of the law, and equity and justice, will, in my opinion, be best subserved by following the rule laid down in *Keithler v. Foster*, 22 Ohio St. 27.

In this view of the case the admission of the proposed testimony of Abram Smith could not have affected the

result; therefore its rejection was not prejudicial error.

The finding of the jury disallowing plaintiff's claim is affirmed, and it will be certified accordingly to the circuit and probate courts of the county of St. Clair.

The plaintiff must pay the costs of this Court and the circuit court.

The other Justices concurred.