[No. 1349.    Decided June 11, 1894.]

W. H. CHAPPELL, *Respondent*, v. FRANK WOODS AND GEORGE WOODS, *Appellants*.

ACTION FOR MONEY DUE—NECESSITY FOR DEMAND.

Where money is owing to plaintiff from the defendants, demand before suit for the amount due is unnecessary.

*Appeal from Superior Court, Okanogan County.*

*Kinnaird & Happy*, and *Pendergast & Malloy*, for appellants.

*W. J. Canton*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—Some time in October, 1892, the appellants, who were operating a sawmill in Okanogan county, employed the respondent to board their employés during the succeeding winter, and agreed to pay him therefor the sum of five dollars per week per man.   It was also agreed between the parties that the appellants would erect a boarding house for the use of the respondent, and furnish the groceries and meat used in boarding the mill hands, and that the price of the provisions so furnished should be deducted from the amount due for board, and that they should furnish the respondent with a list of the men they wished to have boarded at the beginning of each month, or at least monthly.   Pursuant to this agreement the respondent commenced boarding appellants' employés in November, 1892, and continued to board them until some time in April, 1893.   Appellants furnished the supplies according to their agreement and charged the value thereof to the respondent, and also, as it appears from the testimony, paid the respondent some two hundred dollars in money.   After the

respondent ceased to board appellants' laborers, a disagreement arose between him and the appellants as to the state of the account between them.    The appellants claimed that they had paid the respondent in full for all board furnished by him.    The latter denied that he had been so paid, and brought this action to recover the balance alleged to be due. A trial was had by a jury, and at the close of plaintiff's testimony the defendants moved for a non-suit, which motion the court denied, and the defendants excepted.    A verdict was returned for the plaintiff, upon which, after a motion for a new trial had been made and denied, judgment was duly entered.

The only alleged error relied on by the appellants for a reversal of the judgment relates to the ruling of the court upon the motion for a non-suit.    The appellants contend that a demand for payment was necessary before bringing the action, and that no such demand was proved.

If we were to concede that this is a case in which a demand was necessary, we think the necessity for it was obviated by the appellants' unequivocal denial of the claim of the respondent.    But we are of the opinion that no formal demand was necessary in order to fix the liability of the defendants.    "The only legitimate object of a demand is to enable the party to perform his contract or discharge liability agreeably to the nature of it without a suit at law."    *Heard v. Lodge*, 20 Pick. 53 (32 Am. Dec. 197). And, tested by this familiar rule, the contention of appellants cannot prevail.    They not only had notice of the respondent's claim, but they utterly ignored it by refusing to make any settlement with him whatever, although frequently requested so to do.

If the appellants owed the respondent anything, the amount was due before suit commenced, and the action being for money due, no demand was necessary. *Olvey v. Jackson*, 106 Ind. 286 (4 N. E 149).    See, also, *Lake Ontario, etc., R. R. Co. v. Mason*, 16 N. Y. 451.

The authorities cited by appellants are not applicable here, and therefore do not support their position. *Colburn v. First Baptist Soc. of Monroe*, 60 Mich. 198 (26 N. W. 878); *Heard v. Lodge, supra; Byron v. Low*, 109 N. Y. 291 (16 N. E. 45); *Palmer v. Breen*, 34 Minn. 39 (24 N. W. 322).

The judgment is affirmed.

DUNBAR, C. J., and SCOTT and STILES, JJ., concur.