FREEMAN *v.* INGERSON.

WAREHOUSEMEN—RECEIPT—DEMAND—LIMITATIONS.

Where wheat is stored in an elevator and a receipt taken reciting that the wheat is subject to the owner's order of sale on or before a certain date, a demand for the wheat or its proceeds must be made within a reasonable time after that date, which, by analogy to the statute of limitations, will be deemed to be six years.

Error to Barry; Smith J. Submitted November 17, 1905. (Docket No. 143.) Decided January 24, 1906.

Assumpsit by William O. Freeman against Stephen S. Ingerson for the value of certain wheat stored with defendant. There was judgment for plaintiff, and defendant brings error. Reversed, and no new trial granted.

*Colgrove & Potter,* for appellant.

*Walter S. Powers* and *Thomas Sullivan,* for appellee.

BLAIR, J. William O. Freeman, the plaintiff above named, commenced an action of assumpsit in justice's court against the defendant, Stephen S. Ingerson, July 27, 1903, whereupon the defendant filed a plea of the gen-

eral issue and gave notice of the defense of the statute of
limitations.   The case was tried in justice's court, where
a verdict of no cause of action was rendered, and came into
the circuit court for the county of Barry by appeal, where,
upon the second trial of the same, a verdict was rendered
in favor of the plaintiff and against the defendant for
$135.94, and judgment duly entered, and defendant ap-
peals.

Prior to the 14th day of December, 1885, the defendant
and one Simon Overholt were engaged in the grain eleva-
tor business in the village of Nashville, Barry county,
Mich., being associated together under the firm name of
Ingerson & Co.   The plaintiff in this case was a farmer,
owning a farm in the vicinity of Nashville, and stored
with Ingerson & Co., on or before the 14th day of Decem-
ber, 1885, 105$\frac{54}{60}$ bushels of wheat, taking therefor a
wheat check, as follows:

"NASHVILLE, MICH., December 14, 1885.
"Wheat check.
"Barry & Downing, Bankers.
"William O. Freeman has stored in our elevator 105$\frac{54}{60}$
bushels of No. 1 white wheat, subject to his order of sale
on or before July 1st, 1886.
"INGERSON & CO."

The defendant was engaged in the grain business from
July, 1881, to February, 1887.   The firm of Ingerson &
Co. continued to February, 1887, at which time the de-
fendant sold his interest to Henry Reynolds and the de-
fendant had no further interest in said firm of Ingerson
& Co. after February, 1887, except to settle up the busi-
ness of the firm.   At the time of the dissolution of the co-
partnership of Ingerson & Co. notice was published for
three successive weeks in the Nashville News, a newspa-
per published in the village of Nashville, as follows:

"Inasmuch as there is a change in the firm of Ingerson
& Company, all notes due and outstanding accounts must
be promptly settled, also all stored grain must be sold by
March 12, 1887.
"INGERSON & COMPANY."

The plaintiff made no demand on this check until the 24th day of August, 1897, and then delayed the commencement of suit until the 27th day of July, 1903, or 5 years and 11 months after demand.

The books of the firm of Ingerson & Co., pertaining to the grain trade, were left in the care of Mr. Overholt in the office which had been maintained in connection with the grain business. The defendant never saw the books after the time he settled up the business of Ingerson & Overholt. They were left with Mr. Overholt, who died somewhere in Ohio six years at least prior to the trial of this case. Search was made for the books in various places, but after diligent search and inquiry nothing could be ascertained of the books in question or of their whereabouts.

We think that the rule supported by the greater weight of authority is that, where a demand is necessary to create a cause of action, such demand must be made within a reasonable time, which, by analogy to the statute of limitation, will be deemed to be six years. *Kimball* v. *Kimball*, 16 Mich. 220; *Palmer* v. *Palmer*, 36 Mich. 493; *Smith* v. *Smith's Estate*, 91 Mich. 10; *Jewell* v. *Jewell's Estate*, 139 Mich. 578; *In re Emmons' Estate*, 142 Mich. 299; *Atchison, etc., R. Co.* v. *Township of Burlingame*, 36 Kan. 628; *Codman* v. *Rogers*, 10 Pick. (Mass.) 119; *Pittsburgh, etc., R. Co.* v. *Byers*, 32 Pa. 22; *Ball* v. *Railway Co.*, 62 Iowa, 753; 9 Am. & Eng. Enc. Law (2d Ed.), p. 214; 19 Am. & Eng. Enc. Law (2d Ed.), pp. 193, 194, 196, 211; 13 Cyc. p. 808. We do not find in this record any special circumstances to excuse the making of such demand. On the contrary, it clearly appears that there was a conversion of this wheat, to the knowledge of plaintiff, in 1887. Counsel for plaintiff state, at page 1 of their brief, that—

" After Mr. Ingerson, the defendant, went out of the elevator business, in 1887, and after Mr. Freeman noticed that Mr. Reynolds was conducting the elevator business, he claims that he went to Mr. Ingerson, the defendant, and

asked him what he had done with his stored wheat; that he (Ingerson) stated that he had turned it over to Mr. Reynolds."

Upon any view which can be taken of the facts of this case, the statute of limitations had run against the plaintiff's cause of action, and the verdict should have been directed for the defendant.

The judgment is reversed, and no new trial granted.

GRANT, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.