YOUNG, J.
I agree with the analysis set forth in Justice CORRIGAN’s opinion, which affirms the Court of Appeals on the partition issue. I would further hold that the statute of limitations does not bar plaintiffs claim for breach of contract on the series of oral agreements for loans. Because the loans were made with no fixed time of repayment, they were payable on demand. The period of limitations would not begin to run on such a claim until either a demand was made, expressly or by filing a complaint, or a reasonable amount of time had elapsed without a demand. In this case, no demand was made until the action was filed.
*216 The issue of when a period of limitations begins to run on an oral agreement for a loan that has no fixed date of payment is a question of law that we review de novo. Collins v Comerica Bank, 468 Mich 628, 631; 664 NW2d 713 (2003).
The applicable limitations period for plaintiffs breach of contract claim is six years. MCL 600.5807(8). The central issue here is when the limitations period began to run. “Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues.” MCL 600.5827. Moreover, a claim generally accrues when the wrong is done. Boyle v Gen Motors Corp, 468 Mich 226, 231; 661 NW2d 557 (2003).
The general rule governing the commencement of the running of the statute of limitations is that the statutory-period is computed from the time when the right of action that the plaintiff seeks to enforce first accrued; ordinarily, in an action based on a contract, accrual occurs as soon as there is a breach of contract, with some courts qualifying this by stating that accrual occurs when the promisee discovers or should have discovered the breach, and others stating that accrual occurs upon breach, whether or not the promisee is then aware of the breach. [31 Williston, Contracts (4th ed), § 79:14, pp 303-307 (emphasis added).]
In determining when the period of limitations begins to run on a loan that has no repayment term, we must therefore necessarily determine when a breach of contract occurs.
The oral loan agreements in this case did not set a time for repayment. There is no controlling caselaw that establishes when a borrower is in breach of an oral loan agreement that is silent concerning when repayment must occur. Thus, this Court should articulate a rule of law to determine when a breach occurs under the circumstances in this case.
*217 We do have some established bedrock principles to guide us in formulating such a rule. A loan made with no fixed time of repayment is payable on demand. Colburn v First Baptist Church & Society of Monroe, 60 Mich 198, 200; 26 NW 878 (1886). As a general matter, because no terms of repayment were specified in the contracts, the oral loan agreements could not have been breached until payment was demanded and the demand was rebuffed.
Nevertheless, the absence of a specific time for repayment does not allow a creditor to withhold this demand for an indefinite period of time. In the absence of an agreement to the contrary, we presume that the parties intended plaintiffs demand for repayment to occur within a reasonable amount of time. See Duke v Miller, 355 Mich 540, 542-543; 94 NW2d 819 (1959) (“[W]hen a contract is silent as to time of performance or payment, absent any expression of a contrary intent, the law will presume a reasonable time.”); Pierson v Davidson, 252 Mich 319, 324; 233 NW 329 (1930) (“It is a general rule of law that where no time is stipulated, a reasonable time will be presumed. Reasonable time depends upon the facts and circumstances of each case.”).[1] Determining what constitutes a reasonable amount of time to request repayment of a loan is necessarily a factual question properly decided by the jury.
Ultimately, a breach is the sine qua non of any contract dispute regarding repayment. Justices Markman and CAVANAGH provide alternative theories of when a breach *218 occurs if the parties failed to supply a repayment term. Justice MARKMAN determines that a breach occurs immediately on payment of the loan principal. Justice CAVANAGH determines that a breach occurs exactly six years after payment of the loan principal. Neither theory comports with the practice of parties, especially in a case like this, which involved a series of loans made over a period of eight years.
Justice MARKMAN would extend the rule articulated in Palmer v Palmer, 36 Mich 487 (1877). In Palmer, this Court held that “a note payable on demand is payable at once and without demand, so that the statute runs from its delivery.” Id. at 491. The central rationale of the Palmer rule was to prevent a creditor from keeping a debt alive by declining to make a demand until evidence grew stale, thereby defeating the statute of limitations. “If a creditor has the means at all times of making his cause of action perfect, it would be unjust and oppressive to hold that he could postpone indefinitely the time for enforcing his claim by failing to present it.” Id. at 494.[2]
Palmer and its progeny thus recognized an implied demand for repayment of written demand notes. This Court has not applied the Palmer holding to oral loan agreements. I can discern no reason to extend what is essentially a legal fiction — that a breach occurs immediately upon the making of a loan even though no actual demand was made — to oral loan agreements.
I believe that the principle of law articulated in Palmer, which presumes a demand for repayment — and *219 therefore a breach — immediately upon payment of the loan principal, is illogical and entirely inconsistent with contracting parties’ intent. I suspect that no one making or receiving a loan believes that the recipient is automatically in breach of the loan as soon as the principal is paid. However, this is the “logic” of the Palmer rule. For this reason, I would not extend Palmer beyond its facts.
Justice CAVANAGH would extend the mechanical rule established in Smith v Smith Estate, 91 Mich 7; 51 NW 694 (1892), to bar recovery on any loan made more than 12 years before the plaintiff filed her complaint. Smith concluded that, when no express demand for payment has been made, “a demand should be presumed at the expiration of the time when an ordinary money claim would be barred by the statute [of limitations],” id. at 11, that is, six years. A breach would then automatically occur after six years, and the creditor would then have an additional six years to bring a cause of action for payment. In this respect, Smith suffers from the same wooden approach as Palmer in determining when a breach of a contract occurs if the parties have not supplied a term for repayment. Why, given all the variables in a contractual relationship, is six years ineluctably a “reasonable” time in which to make a demand? In this very case, the lender continued to make a series of new loans — a fact that would seem to undermine either the Palmer “breach on payment of the loan” or the Smith “six years equals a breach” theory.
Smith is distinguishable from the instant case because it involved not a monetary loan, but a sale of logs. “[W]e have no doubt that the transaction was a sale. . ..” Id. Although the Smith Court would have applied this rule to loans, see id. at 12, that discussion *220 was dictum. I would not extend this strict rule to the context of a loan, as the rule fails to take into account the particular circumstances of a given loan. Instead, I would leave the question whether a plaintiff waited an unreasonable amount of time before demanding repayment to the wisdom of a jury.
Plaintiff here did not demand repayment until filing this action. In the absence of a demand for repayment, defendant could not have breached the loan agreements until a reasonable time in which to have made a demand had elapsed.[3] Any breach of contract claim would need to have been filed within six years of that time because the limitations period would not have begun to run until that time. I agree with the Court of Appeals that “it was not error for the [circuit] court to determine that the nature of the disbursements, and consequently whether plaintiffs claims regarding the alleged loans were barred by the applicable statute of limitations, was a question of fact that was properly decided by a jury.”
In conclusion, I would hold that the statute of limitations did not bar plaintiffs breach of contract claim because plaintiff did not make a demand for repayment until she filed this lawsuit and no breach of contract could have occurred unless and until a demand was made and refused or a reasonable amount of time had elapsed without a demand. I agree with the Court of Appeals that the finder of fact properly decided this case.
*221 Corrigan, J., concurred with Young, J.

 Although Justice Cavanagh criticizes my citation of Pierson, this proposition is a well-established tenet of Michigan’s contract law. Indeed, Smith v Smith Estate, 91 Mich 7; 51 NW 694 (1892), which Justice Cavanagh applies to the instant case, established the very principle he criticizes in this opinion. Smith explained that a demand for payment “should, upon principle and the best authority, have been made within a reasonable time ....” Id. at 11.

 See also Citizens’ Savings Bank v Vaughan, 115 Mich 156, 159; 73 NW 143 (1897) (“[T]he universal rule is that [a demand] note is due at once, and that no demand is necessary before bringing suit.”); Taylor v Rugenstein, 245 Mich 152, 154; 222 NW 107 (1928) (“The general rule is that suit may be brought on a demand note immediately after delivery, and therefore the statute of limitations begins to run from the day of delivery.”).

 Under the rule established in Brion v Kennedy, 47 Mich 499; 11 NW 288 (1882), if no demand for repayment is made before the filing of the complaint, the filing of the complaint is considered to be the demand. The central inquiry in this type of case is whether the plaintiffs demand for repayment occurred within a reasonable period following the loan or whether that reasonable period elapsed — and therefore the period of limitations began to run — before the express demand for repayment.