## T. F. CALDWELL *v.* H. E. HALL.

BAILMENT. *Larceny. Negligence.*

A merchant, who receives money subject to call, without reward, and keeps it separate from his own, is not liable for a theft of the deposit without his fault or negligence, although he has permission, of which he never avails himself to use it, and his book-keeper, with the depositor's acquiescence, and the merchant's, occasionally withdraws for a short time small amounts to make change.

APPEAL from the Circuit Court of Panola County.

Hon. A. T. ROANE, Judge.

The case is stated in the opinion of the court.

*Taylor & Kyle*, for the appellant.

Negligence is not shown; but gross negligence is essential

to the liability of the appellant, who is a mere bailee without reward.   This is not altered by the book-keeper's use of small sums as change, because this did not endanger the deposit, and was done with Hall's permission.   Story on Bail., sects. 89, 90 ; Edw. on Bail., sects. 89, 90.

L. C. Standifer, on the same side.

The permission, which Hall says that he gave Caldwell, to use the deposit in his business, was never turned to account by the latter, who, if he ever heard the words, forgot them. A mere right of election cannot convert a bailment into a loan.   Use of change by the book-keeper had no reference to this offered loan.   That was a separate matter, done with the separate consent of Hall.   So far from endangering the deposit, this saved the only part of the money which the book-keeper had when the theft occurred.   Caldwell merely acquiesced in this matter between Hall and the book-keeper. He kept Hall's money separate from his own, and did nothing to incur liability.   Story on Bail. sect. 89 ; 1 Bac. Abr. 622. He kept the deposit as safely as his own money.   2 Kent's Com. 562 ; 19 Am. Law Rep. 181 ; 39 Am. Law Rep. 397.

Stone & Cook, for the appellee.

The testimony warrants the verdict.   In the case of a regular deposit or mutuum, where the obligations imposed on the depositary or mutuary is to redeliver, not the specific thing furnished, but another article of the same kind and value, or where the depositary has this option ; in either case the property passes to the depositary as fully as in case of a sale or exchange, and he bears the risk of loss.·  Chase v. Washburn, 1 Ohio St. 244.   When Caldwell received the money under the contract that he might use it, the property passed to him. Benj. on Sales, sect. 2,  note I. ; 13 Ind. 181 ; 21 Wend. 83 ; 4 Metc. (Ky.) 363 ; 20 Me. 317.   Some of the money was used in the business.   Caldwell says the amounts were only "change."   Some of it was out at the time of the robbery.   He has failed to show either of these amounts, and is unquestionably liable.   In fact, he denies nothing, explains

nothing but pleads a defective memory, and fails to examine his own book-keeper. *Jenkins* v. *Matlow*, 1 Sneed (Tenn.) 248.

CHALMERS, J., delivered the opinion of the court.

Appellee Hall placed in the iron safe of appellant Caldwell the sum of thirty-five dollars. It was contained in an open box, and to it and from it Hall added and withdrew at his pleasure; so that at one time he had on deposit as much as seven hundred dollars.

The money was never mingled with Caldwell's, nor was any receipt given for it, nor any entry of it made upon his books.

His book-keeper, who carried the key of the safe, sometimes used small portions of it in making change, always dropping into the box tickets showing the amounts so withdrawn, and always replacing them within a few days. His habit in this regard was known to and acquiesced in by both the depositor and the depositary. Some months after the date of the original deposit Caldwell's safe was robbed, without any fault or negligence on his part. His own money was lost along with that of Hall and other depositors.

Caldwell was not a banker, but a merchant, and the deposits belonged to friends and customers to whom he had not made himself liable. The day before the robbery, his book-keeper used fifteen or twenty dollars of Hall's money, which, not having been replaced, he paid to Hall after the robbery.

This suit is brought by Hall to recover the balance of the sum stolen. The right to recover is rested upon the statement testified-to by Hall, but denied by Caldwell, that at the time of the first deposit, it was understood and agreed between the parties that the money was to be used by Caldwell in his business, if he so desired, and that it was received on this basis. It is not claimed that Caldwell actually then became the borrower of the money, and that the relation of creditor and debtor then arose, but that Caldwell became a bailee of the money, with an agreement to return it in specie, or to use

it, and repay it with other money, at his option ; and this, it is insisted, constituted that peculiar species of bailment known in the civil law as a *mutuum*.

This irregular and anomalous character of bailment, well defined and recognized in the Roman or continental law, is alluded to rather than distinctly announced by the common-law writers. In our system of jurisprudence it is treated as a sale rather than a bailment, and this seems to be its proper aspect, since its practical effect must always be to operate a transfer of title where chattels are deposited, and to create the relation of lender and borrower where money is involved. In the one case it is a sale, with the right in the purchaser to return the thing delivered or its equivalent in kind, though not in specie. In the other it is a deposit of money with the understanding that it is to be surrendered on demand, but with the right in the receiver to use and replace it if he desires. If A. delivers to B. a quantity of flour or wine or cotton with the agreement that the latter may use it at his pleasure, and return its equivalent in the same species of goods, this is nothing more or less than a purchase, with the right in the buyer to pay in a particular manner ; and if the goods are neither returned in specie, nor paid for in the manner contracted for, an action of *assumpsit* may be maintained for their money value. The result is the same where the thing delivered is money. It follows, therefore, that in the common law the idea of bailment in this class of cases is lost in that of a purchase, where the thing deposited is a chattel, and in that of debtor and creditor where it is money. Schouler on Bail. 5, 7, 75, 73 ; Edw. on Bail. 136–186 ; Story on Bail. sect. 283.

In order for this suit to be successfuly maintained, such a state of facts must be shown as will warrant the idea that Caldwell, when the money was deposited, became at once the debtor of the depositor ; and, testing the case by Hall's own testimony, it is evident that such was not the contemplation nor agreement of the parties. The true aspect of the case, under the facts testified to by him is this : the money was

received by Caldwell as a bailee without reward, and was to be so held and accounted for by him, with permission, however, to use it in his business, if at any time thereafter he should elect so to do. If he did use it he was to become at once the debtor of the depositor. If he did not, but on the contrary it should continually remain on deposit at all times subject to be drawn out by the depositor whenever he chose, and without consultation with Caldwell, the latter remained a bailee without hire and bound only for that ordinary care demanded of persons occupying that position. It is not pretended by appellee that appellant, at the time of the deposit, borrowed the money, or in any way indicated a present intention to appropriate it to his own use ; and the subsequent manner of dealing with it by both parties shows that it continued to be regarded by both as the property of the depositor. Under this state of facts, there was no liability upon the depositary.

Reversed and remanded.