## HENRY C. BARNES
### v.
## ROBERT E. MORSE.

*Contracts—Construction of—Sale or Bailment.*

The contract in evidence, under which certain implements were delivered by plaintiff to defendant, *held* to have constituted a sale and not a bailment, the clause, " goods not sold this year will be carried on next year's time," amounting merely to an extension of time of payment.

[Opinion filed November 21, 1890.]

APPEAL from the Circuit Court of Sangamon County; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. GROSS & BROADWELL, for appellant.

Messrs. PATTON & HAMILTON, for appellee.

WALL, J. This was an action of assumpsit. The declaration contained the common counts for goods sold and delivered,

Barnes v. Morse.

money paid, etc.  Plea, general issue.  By consent, a jury was waived, and the cause submitted to the court.  The issues were found for the plaintiff and damages were assessed at $253.48, upon which, after a motion for new trial was over-ruled, there was a judgment for plaintiff.  The case comes here upon the appeal of the defendant.

The main point in the case is as to the proper construction of the following contract:

" R. E. Morse, Auburn, Ill.

· " *Sir:*  I hereby order of you the plows and other goods in your price list hereto annexed, to be delivered in Diver-non, Ill., marked H. C. Barnes, at prices and terms of warranty annexed, for which I agree to pay you one-half July 1st, and one-half September 15, 1888, with interest at eight per cent from maturity, payable at Auburn, Ill.; exchange or express charges prepaid.  In consideration of exclusive sale of your goods at Divernon, Ills., for the season of 1888, agree to handle no other goods for the same purpose.  Five per cent discount will be allowed on all payments made in thirty days from date of invoice, etc.

" All other goods ordered during the season will be on same terms, and are to be paid for in the same manner.

" Consignees will look to carriers for loss or damage to goods when same are shipped and receipted for in good order.

" No agreements, verbal or otherwise, save those in this contract, will be recognized.  R. E. Morse reserves the right to withhold shipment of goods to any parties who owe him notes or accounts past due and unsecured, or for any other satisfactory reasons.

" Discount from this list 45 per cent; except when prices are marked net.

" Ship on or about — soon as possible, via, . . . . . . . . .

" Goods not sold this year will be carried on next year's time by R. E. Morse.

" Accepted March 23rd, 1888.

" R. E. Morse.

" This contract is not binding until acceptance is indorsed at the office of R. E. Morse.

" (Signed)     Henry C. Barnes."

The plaintiff's position was that the contract amounted to a sale of all the plows and other implements delivered under it and that the clause, "goods not sold this year will be carried on next year's time by R. E. Morse," amounted merely to an extension of time of payment as to such articles, while the defendant insisted that the whole contract being considered, he was a bailee only, and not a vendor of any of the goods. We are disposed to sustain the plaintiff in his construction of the contract. It appears to have been a sale, not a bailment. The quoted clause makes the only trouble and when it is read in connection with the remainder, we think there is little, if any, difficulty. Accepting this view as the correct one, the plaintiff was entitled to judgment, if his testimony was believed. There was some conflict, but it was for the court, sitting in the place of a jury, to settle it, and we find no occasion to interfere.

It is urged that the sum allowed is excessive. This depends upon the credit to be given to the evidence of the respective parties. The court evidently accepted the statement of the plaintiff as to the unpaid balance which, with interest, would make the amount allowable. The action of the court in holding and in refusing propositions of law was in harmony with the construction of the contract as above indicated. We find no error and the judgment will be affirmed.

*Judgment affirmed.*