THE SCOTT MINING AND SMELTING COMPANY, *a Corporation*, v. W. SHULTZ *et al.*

No. 13,299. (73 Pac. 903.)

SYLLABUS BY THE COURT.

1. TITLE AND OWNERSHIP—*Bailment and Sale Distinguished.* Where personal property is delivered by the owner to another for use and the identical thing delivered is to be returned, the transaction is a bailment and there is no transfer of title; but if it is stipulated that the one to whom it is delivered may return another thing of the same kind, or an equivalent in value, or otherwise, it will ordinarily constitute a sale and effect a change of title.

2. MINES AND MINING—*Lease Construed.* Mining property consisting of real estate and personal property was leased by the owner to another for a term of years at a stipulated royalty, and it was agreed in the lease that at its expiration the personal property, which included some that would be consumed by use, should be returned by the lessee in kind or value, according to an invoice which had been made, at the option of the lessor. *Held*, that the transaction was in the nature of a sale of the personal property and the title thereto passed to the lessee.

Error from Cherokee district court; A. H. Skidmore, judge. Opinion filed October 10, 1903. Affirmed.

*William R. Hazen*, for plaintiff in error.
*Finch & Wheatley*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action of replevin to recover a steam drill which had been used in mining operations. Under a contract the Scott Mining and Smelting Company leased property consisting of land, machinery, tools and supplies to George A. Williams for a term of years. He operated the mine for a number of months, when the property in controversy passed into the possession of the defendants Shultz & Clary, who refused to deliver it to the Scott Mining and Smelting Company upon its demand, and thereupon the present action was brought.

The question for determination was whether the ownership of the personal property, including the steam drill, was transferred by the plaintiff to Williams, or whether he was required to return the identical articles delivered to him by the plaintiff at the expiration of the lease. Some testimony was submitted on behalf of the plaintiff, after which the court, upon demurrer, ruled in favor of the defendants.

The intention and rights of the parties must be determined mainly from the terms of the contract itself. It related to two kinds of property, real and personal. There were nine mining lots, with appurtenances and improvements, leased for a stated time at a stipulated royalty, and it was agreed that Williams should construct, maintain and support shafts and drifts in a particular way; and further, that all erections, modi-

fications or construction of buildings and machinery thereon should be and remain the property of the lessor.   Then the lease contained the following, which is contended to be a controlling provision :

"It being further agreed, as part consideration, that the said second party shall take all articles of personal property, tools, supplies, extras, etc., according to the invoice of the same to be made upon the execution of this lease, the said second party agreeing that at the time of the expiration of this lease, by its terms or by sale, to return all said articles so enumerated in the invoice in kind or value, as per the invoice value hereto annexed, at the option of the party of the first part."

The provision that the personal property might be returned in kind or value, and according to values fixed by an invoice made by the parties, gives character to the transaction.   In the absence of anything showing a different understanding of the parties, such a transaction is ordinarily treated as a transfer of the property and illustrates the distinction between a bailment and a sale.   If the identical thing delivered is to be returned it is a bailment, and there is no transfer of title ; but if the one to whom it is delivered may return another thing of the same kind, or an equivalent in the form of money, or otherwise, it will ordinarily constitute a sale and effect a change of title. ( *Carpenter v. Griffin*, 9 Paige 310, 37 Am. Dec. 396 ; *Powder Co. v. Burkhardt*, 97 U. S. 110, 24 L. Ed. 973 ; *Caldwell v. Hall*, 60 Miss. 330 ; *Mallory v. Willis*, 4 N. Y. 76 ; *Hurd v. West*, 7 Cow. [N. Y.] 752 ; *National Car & L. Builder v. Cyclone Steam Snow Plow Co.*, 49 Minn. 125, 51 N. W. 657 ; *Smith v. Smith*, 91 Mich. 7, 51 N. W. 694 ; *Barnes v. Morse*, 38 Ill. App. 274 ; *Heryford v. Davis*, 102 U. S. 235, 26 L. Ed. 160 ; 3

A. & E. Encycl. of L., 2d ed., 734; Jones, Bail. § 74, and Story, Bail. § 47.)

Included in the personal property invoiced to the lessee were supplies, consisting of coal, powder, fuse, and the like, which were used in the daily operation of the mine, and certainly it was not within the contemplation of the parties that property of that kind should be returned at the end of the five years. As to such articles the only practicable method of restoration was the one adopted, of returning an equivalent in kind or value, and to that end an invoice fixing the values of all personal property was made. It is said that such supplies were insignificant in amount and value; but it will be observed that all of the personal property was subject to the same condition as that intended for daily consumption, showing quite clearly that as to personal property there was no expectation or purpose of restoring the identical articles delivered to the lessee.

It is true, as plaintiff contends, that we are not confined to a single provision in ascertaining the intention of the parties, but must gather it from the entire lease and the circumstances under which it was made. Attention, therefore, is called to the provisions requiring the lessee to keep the property and machinery in good working order, wear and tear excepted; also, one providing that the buildings and machinery constructed upon the property shall remain the property of the lessor, and the still further stipulation that at the expiration of the lease the lessee shall surrender possession of the property "in as good a condition as they now are, the usual wear, unavoidable accidents and loss by fire excepted." Although some of these provisions refer in general terms to the property leased, we think they were intended to apply

to the real estate. General references like these cannot overcome the specific provisions made for the return of personal property. The fourth clause of the lease is devoted to that class of property, and provides, as we have seen, that it shall be returned in kind and value as the lessor may elect, thus making a clear distinction between the real and personal property leased.

Under that provision the title of the property passed to the lessee, and the trial court rightly held that the plaintiff had failed to establish a right of recovery of the property in controversy. The judgment is affirmed.

All the Justices concurring.