No. 27,579.

The Kansas Flour Mills Company, *Appellant*, v. The Board of County Commissioners of the County of Harper, and A. G. Jordan, Treasurer of Harper County, *Appellees*.

(259 Pac. 795.)

**SYLLABUS BY THE COURT.**

Sale — *What Constitutes — Bailment Distinguished.* A transaction by which wheat is placed in a terminal elevator under a certificate which provides that the owner of the elevator may deliver any grade of merchantable wheat and pay the difference in the market value does not constitute a bailment of the wheat, and the owner of the elevator must pay the tax on the wheat.

Appeal from Harper district court; George L. Hay, judge. Opinion filed October 8, 1927. Affirmed.

*T. A. Noftzger, George W. Cox, W. J. Masemore* and *R. L. NeSmith,* all of Wichita, for the appellant.

*Vernon Day* and *Guy Neal,* both of Anthony, for the appellees.

The opinion of the court was delivered by

Marshall, J.: The action is one to recover taxes paid under protest. Judgment was rendered in favor of the defendants, and the plaintiff appeals.

The action was tried on an agreed statement of facts which disclosed that the plaintiff, a corporation, operated a terminal warehouse elevator at Anthony and local elevators at other points; that the plaintiff made out and returned to the county assessor a statement of the personal property owned by it and subject to taxation; that the amount so shown was $66,535; that the county assessor added $9,745 thereto and raised the valuation to $76,280; that $295 of this amount was for fuel oil which had been omitted from the statement made by the plaintiff and should have been included in it; that $9,450 of the amount added by the county assessor was for "the value of the average amount of wheat which the plaintiff had on hand in its elevator at Anthony"; that wheat was placed in local elevators operated by the plaintiff; that a local warehouse receipt was issued in substantial compliance with the form required by R. S. 34-206, but was not delivered to the persons who deposited the wheat in the local elevators; and that in its place a terminal ware-

Sales, 35 Cyc. p. 32 n. 32; 23 R. C. L. 1214. Taxation, 37 Cyc. pp. 788 n. 58, 789 n. 66.

house receipt signed by the plaintiff was given to the person who placed the wheat in the local elevators, which receipt contained the following:

"It is expressly agreed and understood that the Kansas Flour Mills Company may deliver any grade of merchantable wheat on the contract, providing that The Kansas Flour Mills Company pays to ———— the market differ-ence at Kansas City, Mo., between the grade of wheat covered by this contract and the grade delivered on the date delivery is demanded."

The taxes on the $9,450 amounted to $322.32, and were paid un-der protest to prevent the issuance of a tax warrant.

The question for determination is: Who owned the wheat? That depends on whether the transactions by which the wheat had been placed in the elevator constituted sales or bailments thereof. If the wheat had been sold to the plaintiff, it should pay the taxes; but if the transactions constituted bailments, it should not.

Section 82-208, a part of the law concerning the issuance of ware-house certificates, reads:

"Nothing in this act shall be construed as prohibiting or preventing ware-housemen from mingling in common bins grains or seeds, mill products, or any other merchandise or product, of the same grade, and issuing certificates or re-ceipts therefor, and drawing out and shipping said grain or seeds from said bins, provided that a sufficient quantity of such grains or seeds shall be re-tained and kept in said bins to represent and satisfy all outstanding receipts or certificates."

The warehouse certificates delivered to the persons who deposited wheat in the elevator differed from the certificate required to be is-sued by R. S. 34-206, in this—the certificates issued provided that wheat of a different grade might be delivered, while the law con-templates that wheat of the same grade should be delivered.

In *Scott v. Schultz,* 67 Kan. 605, 73 Pac. 903, the court said:

"Where personal property is delivered by the owner to another for use and the identical thing delivered is to be returned, the transaction is a bailment and there is no transfer of title; but if it is stipulated that the one to whom it is delivered may return another thing of the same kind, or an equivalent in value, or otherwise, it will ordinarily constitute a sale and effect a change of title." (Syl. ¶ 1.)

In *Bonnett v. Shipping Association,* 105 Kan. 121, 181 Pac. 634, this court said:

"Plaintiff deposited grain in an elevator with the understanding that it was to be indiscriminately mixed in a mass with other grain from which the owner of the elevator had the privilege of shipping. There was no agreement that the elevator company would keep on hand an amount of wheat of like grade and quantity until plaintiff saw fit to dispose of his wheat, but it was the inten-

tion of plaintiff, when the price was satisfactory, to present to the elevator owner his scale ticket and receive the prevailing market price for the wheat. *Held,* that the transaction constituted a sale, and not a bailment." (Syl. ¶ 1.)

In *Morse v. Grain and Ice Co.,* 116 Kan. 697, 229 Pac. 366, this court declared that:

· "Placing wheat in an elevator by the grower under a stipulation that 'he should have the right to sell or to withdraw the said wheat, or wheat of like grade and quality,' does not constitute a bailment thereof, and the money arising from a sale of the wheat by the elevator company does not constitute a trust fund in the hands of the company." (Syl. ¶ 1.)

In *Zuber v. Minshall,* 123 Kan. 595, 256 Pac. 806, the rule was declared to be that—

"Where grain is placed in an elevator but not specifically sold at the time of its deposit therein, the depositor retaining the right to elect to demand the return of the grain deposited or the delivery of other grain of like grade, the transaction constitutes a bailment."

In the present action, there was not retained the right to elect to demand the return of the grain deposited or the delivery of other grain of like grade. The contract was to be satisfied by the return of any merchantable grain and payment for difference in value.

Because the plaintiff had the right to return any merchantable wheat and pay the difference in value, the possession of the wheat by the plaintiff was not that of a bailee; it was the owner of the wheat, and the wheat was properly assessed as the property of the plaintiff, who must pay the tax thereon.

. The judgment is affirmed.